Stanard, J.
James H. Langhorne was the attorney of the appellants in a suit in which a judgment was recovered by them, for 2110 dollars 59 cents, and 8 dollars 93 cents costs, against the administrator of M. Cooke. On the day the judgment was rendered the administrator of Cooke gave Langhorne a check in these words: “ Cashier of Farmers Bank at Norfolk, pay to J. II. Langhorne, attorney, 2119 dollars 52 cents in full of a judgment in favour of the Overseers of the poor of Norfolk county against the estate of Mordecai Cooke, deceased, rendered the 21st instant.
(Signed) M. Cooke.”
This check was deposited in the Bank of Virginia at Portsmouth, for collection, and was collected by the bank, and the money was put by the bank to the credit *548 of Langhorne. In a few days thereafter Langhorne suddenly died, leaving the money, or the amount thereof, to his credit, except two small sums for which he had checked, in the Bank of Virginia at Portsmouth: and on the day of his death, a note of his that had been negotiated at said bank, fell due.
The appellants claim this money or the credit therefor in the bank, as the specific and identified proceeds of the claim on Cooke. The Bank of Virginia claims to set oif against the credit therefor, the debt of Langhorne to the bank, that became due on the day of Langhorne’s death: and the administrator of Langhorne claims it as assets of his estate, to be disposed of in a due course of administration.
The well settled principles of law entitle a principal, in all cases where he can trace his property, whether it be in the hands of the agent, or of his representatives, or assignees, to reclaim it, unless it has been transferred bona fide to a purchaser of it, or assignee for value, without notice. In such cases, it is wholly immaterial whether the property be in its original state, or has been converted into money, securities, negotiable instruments or other property i^jif it be distinguishable, and separable from the other property or assets; and has an earmark, or other appropriate identity. Taylor v. Plumer, 3 Mau. & Sel. R. 562; Veil v. Mitchel, 4 Wash. C. C. R. 105; Jackson v. Perkins, 3 Mason’s R. 232; Scott v. Surman, Willes’ R. 400; Whitecomb v. Jacob, 1 Salk. R. 160; Jackson v. Clarke, 1 Y. & Jer. 216. The product, or substitute of the original thing, has the nature of the original thing itself imparted to it, as long as it can be ascertained to be such product, or substitute; and the right of the principal thereto ceases only when the means of ascertainment fail; and this is the case when the subject is turned into money, and is mixed and confounded in a general mass of the same description, and becomes incapable of being distinguished from *549 the mass of the moneys of the agent. Under the influence of this doctrine of the law, if an agent should sell the goods of the principal, the purchaser may be held responsible to the principal; or the principal is entitled to any negotiable or other securities for the purchase money, unless they should have passed into the hands of an assignee for value without notice; and (subject to the like qualification) to securities or property for which the original securities may have been substituted; or into which they may have been converted; and (where money has been received by the agent) to the specific money, when it can be identified: as where it has been kept apart from other money, as money in a bag, or coin marked for the purpose of being distinguished. Such being the doctrine of the law, the question is, does the case under consideration present a fit occasion for its application in favour of the appellants, the principals claiming title to the debt due from, or found in the hands of the Bank of Virginia ? In other words, is not that fund, or debt, sufficiently identified as the product of the claim of the principals, on the estate of Mordecai Cooke. It was conceded, as it ought to have boca, by the counsel of the appellee, that if there had been nothing to the credit of Langhorne, in the Bank of Virginia, at the time he deposited the check for collection, a.nd when it was collected, and passed to his credit on the books of the bank, that that credit would have been completely identified as the proceeds of the appellants’ claim ; and they would be entitled to it; but it is urged that the then existing credit to him of 1 dollar 58 cents, was a subject with which the collection of the check, by being passed to his credit, was mingled, and thereby his receipt as agent was mixed and confounded therewith; and the title of his principals to the fond or credit arising from the check has been lost, and they are but creditors of Langhorne for the amount of the check. To this proposition I cannot assent. The *550 credits to Langhome with the bank are severable, and the sources of each distinctly identified. The bank in its entries is chargeable with two distinct sums, one for the money of Langhome, the other the proceeds of the claim of the appellants. They are as distinct and distinguishable as they would be were they in separate parcels, in the hands of Langhome, with labels on each, designating the sources from whence they were derived. In the case of an agent selling on credit, the principal is entitled to claim the money from the purchaser; and it never has been, as far as I am informed, contended, certainly, I think, not adjudicated, that the principal would lose his title to claim from the purchaser, the amount for which his goods may have sold, because the purchaser was indebted to the agent for sales of his own, or other property.
It is objected that the rights of the parties, on the facts of this case, are such as they would be had Lang-home received the money on the check from the Farmers Bank, and deposited that money to his credit in the Bank of Virginia. The difference between the cases would be, that in the case supposed, there might be a defect of proof, as to the identity of the money received from the Farmers Bank by Langhome, with that deposited by him in the Bank of Virginia. But suppose that fact fully proved or admitted, and forming a part of the supposed case, the adjudications, before cited, would sustain the title of the appellants to the credit on, or debt due from the Bank of Virginia, arising from such deposite. Those adjudications sustain that title as between the appellants and Langhome, to the debt created by passing the specific money to the hands of a third person, and taking his note therefor; or to goods or property purchased with the specific money. And between such a case and the case supposed, no distinction is perceived. The utmost effect that can be ascribed to the acts of Langhome, and the collection of *551 the check hy the Bank of Virginia, is to create a debt from the Bank of Virginia, in the name of the agent, out of the specific and distinctly traced funds of his • • principals; and the law, according to the adjudications, sustains the title of the principals, in the precise case so defined.
The title of the appellants to the credit in the bank necessarily overreaches the claim of the bank to set oif against that credit the debt of Langhorne, that credit with the bank having in its creation imparted to the officers of the bank full and distinct notice that it arose from the debt of Cooke’s estate to the appellants. On the face of the check collected by the bank, it was for money that Langhorne was to receive as the agent of the appellants. The appropriation of it by Langhorne to the payment of his private debt, would have been a gross breach of trust, and the bank, or its officers, consenting to such appropriation, with full notice of the trust, would be participant in the breach of it, and chargeable as if no such appropriation had been attempted. Surely, if the law would not have allowed the discount of Langhorne’s debts to be effectual, though expressly agreed to by him and the bank, it will not sustain the claim of discount or set off as the legal consequence of the same facts, unaided by the express agreement of the parties.
The other Judges concurred.
Decree of the Court below reversed, and decree rendered in favour of the appellants against the bank for the amount due them, after deducting Lianghorne’s commissions.