## WITMAN VS. WATRY.

*(1) Surrender of lease.  (2) Evidence of such surrender.*

1. An actual surrender of possession of the premises by the lessee to the lessor, and a leasing of them by the latter to a third party, will have the effect of a surrender of the lease.

2. Where, therefore, the question was, whether the lessor had accepted a surrender of the lease, and he admitted by his pleading that during the term named in the lease he had leased the premises to a third party, it was error to reject evidence tending to show that the lessee named in the first lease had surrendered to such lessor the possession of the premises.

ERROR to the Circuit Court for *Ozaukee* County.

The complaint alleges that the defendant, in the year 1860, executed to one John C. Schroeling a lease of certain premises in Port Washington, for the term of five years, at a stipulated annual rent, which lease was in writing and sealed by the parties thereto; that soon after the execution of such lease, the defendant, for a valuable consideration, assigned the rent for the third year, and one half the rent for the fifth year, to *John Witman,* the plaintiff's testate; and that during the first year of the term created by the lease, the defendant accepted the surrender of the lease and of the demised premises from the lessee, who had no notice of the assignment of a portion of the rent to *Witman* as aforesaid.  The action was brought after the expiration of such term, and the plaintiff claims to recover the amount of the rent so assigned to her testate.  The complaint also contains the necessary averments showing the right of the plaintiff to maintain the action.

The answer of the defendant alleges that the lessee abandoned the demised premises during the first year of his term, and that, after the same had remained unoccupied for some months, the defendant, in March, 1862, leased them to one Zastrow at a stipulated rent per month, and the latter occupied the premises two years under such lease.  For the purpose of

determining the questions presented here, it is unnecessary to state the other averments of the answer.

On the trial, the plaintiff proposed to prove by one Goetze, a witness produced by her, that in 1861, the witness, in behalf of Schroeling, the lessee, surrendered his lease of the premises by parol to the defendant; also, that the key of the house on the premises was surrendered to and accepted by the defendant, and that he received the rent for the premises from Zastrow. This testimony was all rejected by the court.

At the close of the plaintiff's testimony, the court ordered that the plaintiff be nonsuit; and judgment of nonsuit and for costs was entered against her; to reverse which she took her writ of error.

*Foster & Coe*, for plaintiff in error, cited 1 Washb. R. P., ch. 10, § 7; *Smith v. Niver*, 2 Barb. S. C., 180.

*H. G. Turner*, for respondent. [No brief.]

LYON, J. So far as we are able to discover from the record before us, it seems that the main question in controversy is, whether the defendant acccepted a surrender of the lease or not. Any testimony offered by the plaintiff which, if received, might tend to prove such surrender, ought to have been admitted. As to what acts will constitute a valid surrender of a lease under seal, the rule extracted from the authorities is stated by Prof. Washburn as follows: " So where, before the expiration of a lease under seal, the lessee actually surrendered possession of the premises to his lessor, who accepted the same and leased them to another, it was held to be, in effect, a surrender." 1 Washb. on Real Property, ch. 10, § 7, par. 6. The cases cited by the learned author seem fully to establish the doctrine of the text, and we accept it as the true rule of law on the subject.

In the present case the answer admits that the defendant leased the premises to another; and the testimony ruled out by the court might have proved (had it been admitted) an actual sur-

render of the possession of the premises by the lessee to the defendant, and an acceptance thereof by the latter.

In the light of the foregoing rule, it is clear that the testimony should have been received. The rejection thereof by the court is fatal to the judgment.

Not having the benefit of a brief or argument on behalf of the defendant in error, we do not feel called upon to discuss the question involved in the case to any considerable extent, but content ourselves by merely announcing the principle of law which' controls our decision.

*By the Court.*— The judgment of the circuit court is reversed, and a *venire de novo* awarded.