Telford vs. Frost.

TELFORD, Respondent, vs. FROST, Appellant.

*January 14 — March 18, 1890.*

*(1–4) Statute of frauds: Interest in land: Option to purchase: Surrender: Estoppel.  (5) Instructions to jury.*

1. One who has an option in writing for the purchase of land has an interest therein, within the meaning of sec. 2302, R. S.
2. Such interest may be surrendered, without a deed or conveyance in writing, by acts inconsistent with its continuance, where such acts are accepted and acted upon by all parties concerned.
3. The plaintiff in this case, having such an option, in pursuance of an oral agreement with the defendant by which the latter was to pay him $1,000 for so doing, authorized and procured a sale of the land by the owner thereof to the defendant according to the terms of the option.  *Held*, that there was an effectual surrender of the plaintiff's interest, and that the defendant was liable to pay to him said $1,000.
4. The fact that the contract of sale was taken by the defendant in the name of another person, who was interested with him in the purchase, did not affect his liability to the plaintiff.
5. It is not error to charge the jury that "if the testimony of the plaintiff outweighs that of the defendant, if only enough to turn the scales, your verdict must be for the plaintiff."

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that on Monday, March 21, 1887, the plaintiff and one Schultz, for the consideration therein named, obtained an option in writing from one Colwell in these words: "Ashland, March 21, 1887.  I hereby give to J. K. Schultz and *T. Telford* an option on the east seventy feet of block 18, lots 7 and 8, for which they pay me $15 for until Wednesday, March 23, 1887, at 10 o'clock in the forenoon, for the sum of $3,000.   J. A. COLWELL." That on the same day said Schultz, for the consideration therein named, executed and delivered to the plaintiff an

assignment in writing of said option, in these words: "In consideration of $7.50, I transfer my interest in the within option from Joseph Colwell to *Thomas Telford*. J. K. SCHULTZ."

The complaint further alleges, in effect, that March 22, 1887, the defendant and the plaintiff made and entered into an agreement that the plaintiff should bring said Colwell to the defendant, and that the defendant would enter into an agreement with said Colwell to purchase said property from said Colwell for the sum of $3,000, and that, in consideration of the services of the plaintiff in so doing, and permitting the defendant to take the place of the plaintiff in purchasing said property from said Colwell for said sum, according to said option, the defendant promised and agreed to pay the plaintiff the sum of $1,000; that, pursuant to that agreement, the plaintiff, on March 22, 1887, brought said Colwell to the defendant, and authorized the defendant to purchase said property from said Colwell upon the terms mentioned in said option, and that the defendant then and there made and entered into an agreement in writing with said Colwell to purchase said property for said sum, whereby the defendant became indebted to the plaintiff in the sum of $1,000; that the agreement so alleged to have been made between the defendant and Colwell was in writing, and was to the effect that said Colwell had, on said March 22, 1887, sold to Morris Beifield, of Chicago, the property mentioned for the sum of $3,000, payable as therein expressed.

The defendant's answer, in effect, denies each and every allegation of said complaint, except the making of said writings.

At the close of the trial the jury returned a verdict in favor of the plaintiff for $1,000 and interest from August 1, 1887. From the judgment entered upon said verdict the defendant appeals.

*F. W. Houghton*, for the appellant, contended, *inter alia*, that there could be no recovery, the action being based upon, and brought to enforce in part, a contract void under the statute of frauds. R. S. sec. 2302; *Clark v. Davidson*, 53 Wis. 318; *Daniels v. Bailey*, 43 id. 566; *Campbell v. Thomas*, 42 id. 439; *Popp v. Swanke*, 68 id. 364; *Dung v. Parker*, 52 N. Y. 494, 497.

For the respondent there was a brief by *Lamoreux & Gleason*, and oral argument by *E. F. Gleason*.

The following opinion was filed January 28, 1890:

CASSODAY, J. The learned counsel for the defendant is undoubtedly right in claiming that the optional written contract held by the plaintiff against Colwell gave to the plaintiff an interest in the land therein described, within the meaning of sec. 2302, R. S. This being so, he strenuously contends that the plaintiff could not surrender the same except by deed or conveyance in writing subscribed by him, and that, as such surrender was a part of the consideration of the promise sued upon, he improperly recovered. The power to surrender such interest, however, is not thus limited by that section. As applied to this case, it reads: "No estate or interest in lands   .   .   .   shall be .   .   .   surrendered   .   .   .   unless *by act or operation of law*, or by deed or conveyance in writing, subscribed by the party   .   .   .   surrendering   .   .   .   the same." Thus the section provides two ways of surrendering such estate or interest without any deed or conveyance in writing. One is by the "acts" of the parties concerned. The other is by "operation of law." These two methods are frequently and perhaps generally present and coalesce in the same transaction. Such surrendering is nothing more than the effectual yielding up of such estate or interest to one having the immediate reversion or remainder wherein such particular estate or interest may merge. To be effectual,

however, such act or acts must be inconsistent with the continuance of such former estate or interest, and must, moreover, be actually accepted and acted upon by the other, and, in fact, all the parties concerned. When such acts and acceptance so concur under such circumstances, the party thus surrendering is estopped from subsequently disclaiming the effectiveness of such surrender.

These views are in harmony with numerous English cases. *Whitehead v. Clifford*, 5 Taunt. 518; *Thomas v. Cook*, 2 Barn. & Ald. 119; *Hamerton v. Stead*, 3 Barn. & C. 478; *Johnstone v. Hudlestone*, 4 Barn. & C. 933; *Hall v. Burgess*, 5 Barn. & C. 332; *Bees v. Williams*, 2 Cromp., M. & R. 581; *Nickells v. Atherstone*, 10 Q. B. 944. The same doctrine has frequently been applied in states having the same statute. *Wheeler v. Walden*, 17 Neb. 122; *Livingston v. Potts*, 16 Johns. 28; *Van Rensselaer's Heirs v. Penniman*, 6 Wend. 569; *Bedford v. Terhune*, 30 N. Y. 462, 86 Am. Dec. 401; *Allen v. Devlin*, 6 Bosw. 1; *Clemens v. Broomfield*, 19 Mo. 121; *Lamar v. McNamee*, 10 Gill & J. 116. It is well established that the doctrine of estoppel *in pais* extends to real estate. *Brown v. Wheeler*, 17 Conn. 345, 44 Am. Dec. 550; *Storrs v. Barker*, 10 Am. Dec. 316; *Godeffroy v. Caldwell*, 56 Am. Dec. 360. This court has expressly held that "an actual surrender of possession of the premises by the lessee to the lessor, and a leasing of them by the latter to a third party, will have the effect of a surrender of the lease." *Witman v. Watry*, 31 Wis. 638.

It remains to apply the rule stated to the case at bar. In view of the verdict in favor of the plaintiff, we must assume that the plaintiff and defendant made a parol agreement to the effect alleged in the complaint; that, in pursuance of that agreement, the plaintiff induced Colwell to meet the defendant and make the agreement with him mentioned in the foregoing statement, whereby Colwell

agreed to convey the lands mentioned to Beifield for the price named. This written contract on the part of Colwell to thus convey having been entered into by the procurement and at the request of the plaintiff, he thereby became effectually estopped from subsequently disclaiming its effectiveness. Nor can the defendant escape liability from his promise on the ground that the plaintiff previously held such option.

It appears that the agreement between the defendant and Colwell was written by the defendant in the name of Beifield, instead of himself; that Beifield and the defendant were together in the deal. But that in no way changed the defendant's *status* in the transaction. Courts have gone so far as to hold "that a party who procures an instrument to be executed in the name of another, without authority, is estopped from disputing the validity thereof as against one acting upon the faith of its genuineness." *Lowry v. Mayo*, 41 Minn. 388. We must hold that the section of the statute cited was no bar to the plaintiff's recovery. There appears to have been nothing in the relation of the plaintiff to any of the other parties to the transaction that in law prevented him from making a valid contract with the defendant, of the character indicated. The evidence is sufficient to sustain the verdict.

Exception is taken because the court stated, in the charge to the jury, that "if the testimony of the plaintiff outweighs that of the defendant, if only enough to turn the scales, your verdict must be for the plaintiff." This is clearly distinguishable from *Bierbach v. Goodyear Rubber Co.* 54 Wis. 208, relied upon by counsel. It is more like the portion of the charge to which exception was taken in *Spensley v. Lancashire Ins. Co.* 62 Wis. 452. It is enough to say that the portion of the charge quoted, left the jury free to *weigh* the evidence, and in fact required them to do so. It manifestly means that the testimony on the part of the plaintiff

was to be weighed with the testimony on the part of the defendant, and that they were only to find for the former in case his evidence outweighed the evidence of the latter.

The other errors assigned either fall with the conclusions already reached, or are so manifestly unfounded as not to require particular mention.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied March 18, 1890.