Kneeland, Appellant, vs. Schmidt, Respondent.

*December 1 — December 16, 1890.*

*Landlord and tenant: Surrender of lease: Pleading: Evidence: Court and jury.*

1. If, before the expiration of the term, the lessee offers to surrender the lease, and the lessor thereupon takes exclusive possession of the premises, this amounts to a surrender and acceptance which terminates the lease.

78   345
85   101
78   345
88   376
78   345
90   464
78   345
92   365
78   345
94   344
78   345
112   ¹201
78   345
s11 LRA 498
49 LRA 580n

2. In an action to recover rent the answer alleged that the lease had been surrendered by mutual agreement before the rent sued for had accrued. *Held*, that evidence was admissible to show that after the defendant had offered to surrender the lease the plaintiff took exclusive possession of the premises by acts which would have been a trespass upon the defendant's rights under the lease. Such evidence tended to prove the substantial allegations of the answer.

3. The question whether the acts of the plaintiff, after the offered surrender of the lease, in drawing dirt upon the premises sufficient to fill them up to a depth of from one to two feet, and in building a dock in front thereof, amounted to taking exclusive possession or were authorized under the lease, which permitted him "to make such alterations or repairs as he shall deem necessary for the safety or preservation" of the premises, was properly submitted to the jury.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover rent. The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant.

*Glenway Maxon*, for the appellant, contended, *inter alia*, that the only issue was whether there was a surrender by mutual agreement, and it was error to admit evidence in relation to the filling of the premises, or permitting others to occupy the same, or as to a sale of a portion of the same. 1 Greenl. Evi. sec. 51; *Johnson v. Filkington*, 39 Wis. 66. If the surrender was as alleged in the answer, by mutual agreement, parol testimony of the surrender was incompetent. The lease could not at that time be surrendered by any parol agreement. *Bailey v. Wells*, 8 Wis. 141. In order to constitute a surrender by operation of law the acts of the parties must be concurrent. The mere abandonment by the tenant, and the taking possession by the landlord for the purpose of caring for and protecting the premises, does not absolve the tenant from his obligation to pay rent. *Livermore v. Eddy*, 33 Mo. 547; *In re Orne*, 15 Phila. 489; *Brenckmann v. Twibill*, 89 Pa. St. 58. The mere removal of a tenant with an unaccepted offer of surrender does not

terminate the lease.  It is not even evidence of a surrender.
*Milling v. Becker*, 96 Pa. St. 182.

For the respondent there was a brief by *Somers, Somers
& Dorr*, and oral argument by *Thos. H. Dorr*.

TAYLOR, J.   This is an action to recover two months'
rent, upon a written lease of real estate.   The lease was
for two years and eight months, from August 1, 1887.   The
defendant paid the rent for one year, until August 1, 1888,
and this action is to recover the rent for the months of
August and September, 1888.   By the terms of the lease
the rent is payable in monthly instalments.   The defense
set up in the answer is that the lease was surrendered by
the defendant in July, 1888, and that such surrender was
accepted by the plaintiff, and that upon such surrender the
defendant abandoned the possession of said leased premises,
and the plaintiff immediately took possession of said prem-
ises and has retained possession of the same to the time of
the commencement of this action.

The evidence on the trial shows that in or about July,
1888, the defendant notified the plaintiff that he could no
longer occupy the leased premises and pay the rent there-
for under said lease, and desired the plaintiff to surrender
the lease and release him from the further payment of rent
under the same; that plaintiff did not at any time say he
would do so, or agree to make such surrender, and said he
would think of it.   The evidence further shows that in the
month of August, 1888, the plaintiff, by his employees and
servants, drew upon the leased premises a large quantity
of dirt, and filled up the leased lot to the depth of from
one to two feet.   The evidence also shows that after this
action was commenced, and in the fall of 1888, plaintiff
built a dock in front of said leased premises; and in August,
1889, eight months before the expiration of the lease by its
terms, the plaintiff sold a large part of the leased premises,

and put the purchaser in possession thereof, and the plaintiff admits that he took possession of the leased premises August 14, 1889. Upon the evidence the court submitted the case to the jury upon the question whether the plaintiff took full and exclusive possession of the leased premises after the defendant had abandoned them, and at what time he took such possession. The jury found that the plaintiff took full and exclusive possession of the premises on the 30th of July, 1888, and the jury, under the instructions of the court, also found in favor of the defendant.

The theory upon which the learned trial judge submitted the case to the jury was that if the defendant had abandoned the leased premises and offered to surrender the possession of the same to the plaintiff, and thereupon the plaintiff took the exclusive possession of said premises, it amounted to a surrender of the lease, and the plaintiff could not recover rent under the lease after such possession taken. We think that if there was evidence to sustain the contention of the defendant that he offered to and desired to surrender the lease, and that, after making such offer, the plaintiff took exclusive possession of the leased premises, that would amount to a surrender of the lease, and an acceptance of such surrender by the plaintiff terminated the lease. This contention, we think, is sustained by the authorities. *Talbot v. Whipple*, 14 Allen, 177; *Baker v. Pratt*, 15 Ill. 568; *Amory v. Kannoffsky*, 117 Mass. 351; *Hanham v. Sherman*, 114 Mass. 19; *Grimman v. Legge*, 8 Barn. & C. 324; *Hegeman v. McArthur*, 1 E. D. Smith, 147; 1 Washb. Real Prop. (5th ed.), 582, 583; Wood, Landl. & T. 840, sec. 497, and notes; *Telford v. Frost*, 76 Wis. 172–175, and cases cited on page 172; *Witman v. Watry*, 31 Wis. 638.

The learned counsel for the appellant contends — *first,* that, if it be admitted that the theory of the respondent is correct, still the court erred in admitting evidence tending

Kneeland vs. Schmidt.

to show such surrender, because he claims that the answer of the defendant is not so drawn as to permit the introduction of such evidence; and, *second*, if such evidence was admissible under the answer, then the evidence wholly fails to prove such alleged surrender.

Under the first objection made, that it was improper under the answer to permit the introduction of evidence tending to show that the plaintiff had taken the exclusive possession of the leased premises before the commencement of the action and before the rent sued for had become due, we think the ruling of the trial judge was right. The objection made was that under the answer the defendant should not be permitted to show acts on the part of the plaintiff which amounted to a trespass upon the defendant's rights under his lease, because the answer alleges that the surrender was by mutual agreement on July 31, 1888. We think if it was satisfactorily proved that, shortly after the defendant offered to surrender the lease and requested plaintiff to accept such surrender, the plaintiff went into the exclusive possession of the leased premises, it might well be inferred that such possession was taken with the acquiescence and permission of the lessee, and in acceptance of his offer to surrender such possession. The evidence tends to prove the substantial allegations of the answer.

Some other exceptions were taken to the introduction of evidence, but they were all made upon the supposition that the evidence was objectionable, as not tending to prove a surrender of the lease by mutual consent, as alleged in the answer; and the objections were properly overruled, for the reason above stated, viz., that such evidence tended to establish the substantial allegations of the answer.

It is also alleged as error that the court submitted the question to the jury as to whether the acts done, and authorized to be done, by the plaintiff upon the premises

amounted to taking exclusive possession of the leased premises, because he alleges that under the terms of the lease the plaintiff was authorized to do the acts he did without violating any right of the defendant under the lease. After carefully reading the instructions of the learned circuit judge to the jury upon this question, we think he fairly submitted it to them to say whether the acts done by the plaintiff were authorized by the provision in the lease which permitted the plaintiff (the lessor) to enter the demised premises during the continuance of the lease, "to make such alterations or repairs as he shall deem necessary for the safety or preservation thereof." The learned circuit judge instructed the jury at considerable length upon this question, raised by the counsel for the plaintiff, and we find no error in that part of his instructions. He submitted the question fairly to them upon the evidence.

Upon the other question, viz., whether the plaintiff had in August, and before the rent sued for was due, taken actual and exclusive possession of the leased premises, the instructions were sufficiently favorable to the plaintiff. The learned judge excluded from the jury the question as to the intent with which such possession was taken, and confined the issue to the fact whether the possession so taken was an exclusive possession. He excluded from their consideration any subsequent acts of the plaintiff in regard to the premises, which might have enlightened the jury as to the intention of the plaintiff at the time of taking such possession. This certainly could not be complained of by the plaintiff, as we think his subsequent acts upon the premises and his sale of the greater part thereof, and putting his vendee in possession long before the expiration of the lease, might well be said to strengthen the inference that the possession he took of the premises in August, 1888, was for the purpose of putting an end to such lease, as claimed by the defendant.

On the whole, the case seems to have been fairly tried in the court below.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 11 L. R. A. 498.— REP.