O'Donnell vs. Brand.

O'DONNELL, Appellant, vs. BRAND, Respondent.

*April 12 — May 2, 1893.*

*Land contract: Surrender of vendee's interest: Estoppel.*

The vendee in a land contract, who had paid $100 thereon, stated to the vendor that he did not want the land and had "got to lose" the $100. The vendor replied merely that he (the vendor) "must see about it," and took no action and did not change his position in any way in reliance upon the refusal of the vendee to take the land, until nearly two years later, when he demanded that the vendee, who had had the contract recorded, execute a quitclaim deed of the land. The vendee refused. *Held,* that there had been no effectual relinquishment or surrender by the vendee of his interest in the land, and that he was not estopped to claim that the contract was still in force.

|   |   |
|---|---|
| 85 | 97 |
| 88 | 376 |
| 85 | 97 |
| 92 | 365 |
| 85 | 97 |
| 97 | 190 |
| 85 | 97 |
| 109 | 675 |
| 85 | 97 |
| 112 | 201 |
| 85 | 97 |
| 116 | 660 |

APPEAL from the Circuit Court for *Milwaukee* County.

This is an appeal from an order of the circuit court for Milwaukee county sustaining a demurrer to the plaintiff's complaint, the object of which was to obtain a rescission or cancellation of a written memorandum or agreement of sale by the plaintiff, through his agent, T. Dore, to the defendant of lot 12, block 43, Third ward of Milwaukee; $100 of the purchase price having been paid at the date thereof, July 24, 1890, and the balance thereof was to be paid, $2,400 September 24th thereafter, $2,500 on the 24th of November, and $10,000 on or before three and five years, in equal payments of $5,000, and to be secured by a mortgage on the above premises, with interest at the rate of six per cent. per annum from the date of the contract until all should be paid; all rents received by the seller to the 24th of November to be paid over to the purchaser; and when the deed was delivered and mortgage received by him he should cease to collect rents, except ordered to do so by the purchaser; the vendor to furnish a full and sufficient deed with abstract of title to said described property, free and clear of all incumbrances.

O'Donnell vs. Brand.

The complaint, after setting out the contract, alleges that the plaintiff procured a full and complete abstract of title in due season, at a cost of $25, showing that the plaintiff had a good and perfect title to the lot, free and clear of all incumbrances; that afterwards, when the first payment of $2,400 became due, the plaintiff verbally extended the time for making it for thirty days; that within two or three days after the expiration thereof the plaintiff met the defendant, when the latter peremptorily stated to the plaintiff that he did not want his (the plaintiff's) lot, and that he had got to lose his $100 which he had paid on account of the purchase money, to which the plaintiff responded that he "must see about it," and the defendant made no reply, but he immediately left the plaintiff; that the defendant informed Dore, plaintiff's agent in the sale of said property, of what he had stated to the plaintiff when they met with respect to the purchase of the lot; that the plaintiff concluded that he would not attempt to compel the defendant to perform the agreement, and about two weeks thereafter so informed the said Dore; that plaintiff has never attempted to compel the defendant to perform the agreement, and that defendant has not since performed or offered to perform it, or paid or offered to pay any part of the purchase money; that on the 18th of June, 1892, he caused the agreement for the sale of the lot to be recorded in the office of the register of deeds, so that it became a cloud upon the plaintiff's title; that the plaintiff's attorney called on the defendant on the 16th of July, 1892, and requested defendant to remove such cloud by the execution and delivery of a quitclaim deed, a copy of which is made an exhibit, but the defendant refused to execute it or to release the agreement without compensation, and claimed that it was still in force and had not been rescinded; that he would take the lot at the price mentioned in the agreement, with interest, or that he (the defendant) would

release the agreement for $100. The plaintiff claims that
the defendant is estopped from denying that he surrendered
the agreement and relinquished all claim to the lot on or
about the 24th of October, 1890, by the statement made by
him to the plaintiff when they met in October, 1890, and
the failure of the defendant to perform the agreement on
his part. Judgment was demanded that the agreement
and record thereof be canceled and annulled, and that the
defendant be barred and foreclosed of and from all right,
title, etc., in or to the said lot under or by virtue of the
said agreement, and for general relief.

The defendant demurred upon the ground, among others,
that the complaint did not state facts sufficient to consti-
tute a cause of action. The plaintiff appeals from an order
sustaining the demurrer, with leave to the plaintiff to
amend, etc.

*Wilson Graham,* for the appellant.

For the respondent there was a brief by *Williams &
Robinson,* and oral argument by *N. C. Robinson.*

PINNEY, J. The agreement for the sale and conveyance
of the premises in question to the defendant vested in him
an interest in land. The plaintiff thereby became a trustee
of the legal title for the use of the defendant, and bound
to convey it to him upon his paying or securing the pay-
ment of the unpaid purchase money as specified in the con-
tract. The defendant thus acquired an equitable title or
interest in the lot in question, and the defendant became
the trustee of the plaintiff of the unpaid purchase money,
and bound to pay it, with interest as stipulated in the
agreement. The contract contains no provision whereby
it might be rescinded and the interest of the defendant in
the lot surrendered. Since the making of the contract the
plaintiff has been at all times, and now is, in possession of
it. It is contended that what took place between the par-

ties when they met October 24, 1890, as above stated, amounted to a relinquishment of the lot and surrender of the agreement, and that the defendant is now estopped from disputing it. All that took place was that the defendant abruptly and peremptorily stated, as it is alleged in the complaint, and as if it was optional with him whether or not he should pay the balance of the purchase money, that he "did not want the lot, and that he had got to lose his hundred dollars which he had paid on it," to which the plaintiff responded that he, the plaintiff, "must see about it," and the parties then separated. The plaintiff afterwards concluded that he would not attempt to compel the defendant to perform the agreement on his part, but it is not claimed that he notified the defendant of his determination, and nothing took place between them thereafter in respect to the matter until July 16, 1892, when, the defendant having caused the contract to be recorded in the office of the register of deeds about three weeks previous, the plaintiff's attorney tendered to the defendant a deed of quitclaim or release of the lot to the plaintiff, and demanded that he should execute and acknowledge it. The defendant refused to do this without compensation, and claimed that the contract was still in force, and that he would take the lot at the price named in the agreement, with interest, or would release the agreement for $100. The plaintiff soon after brought this action.

The defendant did not part with the agreement, nor did the plaintiff do any act or change his position in reliance upon the refusal of the defendant to take the lot. He did not even manifest a wish to rescind the contract upon being allowed to retain the $100. If the plaintiff was entitled to rescind the contract, he was bound, as a condition of doing so, to restore to the defendant the $100 he had received under it. After such a considerable lapse of time, his attempted acceptance in July, 1892, of the defendant's offer

of October 24, 1890, came too late to bind the latter and enable the plaintiff to retain the $100. The plaintiff should have signified his acceptance of the offer within a reasonable time, and secured a proper relinquishment or surrender in writing. The case is utterly destitute of any element of estoppel against the defendant. All that took place between the parties in relation to the alleged relinquishment or surrender was by parol, and the minds of the parties do not appear to have met upon any terms of rescission or surrender, even if a parol surrender would be valid. But by sec. 2302, R. S., "no estate or interest in lands . . . shall be . . . surrendered, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party . . . surrendering . . . the same." A surrender is "the effectual yielding up of an estate or interest to one having the immediate reversion or remainder wherein such particular estate or interest may merge," and may be "by such act or acts as are inconsistent with the continuance of such former estate or interest, and must be accepted and acted upon by the other, or by both parties. When such acts and acceptance so concur under such circumstances, the party thus surrendering is estopped from subsequently disclaiming the effectiveness of such surrender." It is essential to such estoppel that the party to whom such surrender by act *in pais* or operation of law is made shall have acted upon the faith of it in some material respect. *Telford v. Frost*, 76 Wis. 172, and cases cited; *Dougherty v. Catlett*, 129 Ill. 431; *Kneeland v. Schmidt*, 78 Wis. 348; *Witman v. Watry*, 31 Wis. 638. Here the defendant had no possession of the lot to surrender, and he did not deliver up his contract or make any written release or surrender by deed. There was at most a mere offer to relinquish the lot, which was not seasonably accepted. When the defendant was asked to put the relinquishment or surrender in writing, he had a right to retract his offer,

as he did.   For these reasons the circuit court properly sustained the defendant's demurrer.

*By the Court.*— The order of the circuit court is affirmed.