GOLDSMITH, Respondent, vs. DARLING and another, Appellants.

*January 30 — February 18, 1896.*

*Lease: Surrender: Statute of frauds.*

A written lease cannot be canceled by a parol agreement alone, but an executed parol agreement to surrender will effect such cancellation.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

This action was brought to recover instalments of rent alleged to be due on a written lease under which defendants rented a room in a building in the city of Milwaukee, known as the "Goldsmith Building," for a period of three years. Defendants admitted the execution of the lease, but alleged that they never entered into possession of the room, and that after signing the lease it was surrendered to plaintiff's assignee, and that such assignee accepted such surrender by taking possession of the room. A verdict and

judgment were rendered for plaintiff, and defendants appealed.

For the appellants there was a brief by *Kinne & Curtis*, and oral argument by *H. K. Curtis*. They contended that there were only two ways by which a lease could be surrendered, namely (1) by deed or conveyance in writing, and (2) by act or operation of law. R. S. sec. 2302. The appellants' claim is that the lease in question was surrendered by act or operation of law. The instructions of the trial court were erroneous, because such as could be proper only in case the law permitted a surrender by oral agreement between the parties. The surrender might have been in pursuance of an oral agreement, or it might have been independent of it. The proper question for the jury to determine was whether or not the acts of the parties in reference to the premises created a surrender. If the acts of the parties were such that a surrender was created, then as a matter of law a precedent agreement to surrender would be inferred, and this notwithstanding there may not have been any express agreement to surrender. This would be the case even though there had been an agreement not to surrender. They cited, besides cases cited in the opinion, 1 Washb. Real Prop. (5th ed.), *353, *354; *Talbot v. Whipple*, 14 Allen, 177; *Amory v. Kannoffsky*, 117 Mass. 351; *Hanham v. Sherman*, 114 id. 19; 4 Kent, Comm. (13th ed.), *105; *Bailey v. Wells*, 8 Wis. 141.

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Loyal Durand*.

MARSHALL, J. The trial court left it to the jury, on the evidence, to determine whether there was an executed verbal agreement to surrender the leased premises. The instructions which were excepted to did that, in effect, and nothing more. The exceptions to the charge of the court in this regard, now pressed upon the attention of this court, proceed

upon the theory that it was error to admit evidence of a verbal agreement to surrender the rooms and lease, and error to leave it to the jury to find whether there was such verbal agreement entered into, because the surrender of a written lease cannot be properly established by parol evidence. The rule which appellants invoke is because of the statute of frauds (sec. 2302, R. S,): "No estate or interest in lands . . . shall be . . . surrendered unless by act or operation of law, or by deed or conveyance in writing subscribed by the party . . . surrendering . . . the same."

The learned counsel for appellants are in error in respect to proving by parol the surrender of a written lease. The rule of law invoked does not go to the extent of prohibiting proof by parol of a verbal agreement to surrender, but only that such an agreement does not, *per se*, effect such surrender and a cancellation of the lease. To that effect are *Kneeland v. Schmidt*, 78 Wis. 345; *Telford v. Frost*, 76 Wis. 172; *Witman v. Watry*, 31 Wis. 638, and other cases cited by counsel. Also, *O'Donnell v. Brand*, 85 Wis. 97, and many other cases that might be cited. Also, all text writers on the subject. But the same authorities also hold, and it is elementary, in fact, that a verbal agreement to surrender, acted upon by an actual surrender and acceptance, is sufficient to cancel the lease.

The learned circuit judge charged the jury as follows: "In order to constitute a valid surrender of a written lease for a term exceeding one year, there must either be a surrender in writing, or there must be an agreement made between the parties, one side offering to surrender the lease and to surrender the premises, and an acceptance on the part of the landlord. If there was simply an agreement to surrender the lease, not acted upon or carried out by the parties, then there was no valid surrender of the premises and of the lease." Other portions of the charge proceed on the same line, all of which were excepted to. The instruc-

tions gave the law applicable to the case to the jury correctly. A written lease cannot be canceled by a parol agreement alone, but an executed parol agreement to surrender will effect such cancellation.

We see no reversible errors in the case. It follows that the judgment of the superior court must be affirmed.

