In re Assignment of Bank of West Superior: Goodvin, Appellant, vs. Nichols, Assignee, Respondent.

*March 2 —March 19, 1901.*

*Mortgages: Release by parol: Estoppel: Banks and banking: Action of directors: Evidence: Records.*

1. The lien of a mortgage upon land may be effectually released without writing and without actually delivering up the instrument, if the oral release is so acted upon and carried into execution as to arouse equities demanding protection on the principle of estoppel.

2. If no record was kept of the action of directors of a bank in regard to releasing a mortgage, parol evidence is proper to prove the transaction. [Whether there is any presumption of the existence of any record of executive acts done by directors, not determined.]

3. Testimony of a witness who, at the time in question, was president of the bank, that he did not think the action of the directors in a certain matter, including the release of a mortgage, appeared on the records, was sufficient *prima facie* to deny the existence of any record, where the record books were in the control of the adverse party.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

The Bank of West Superior being in the hands of the defendant as assignee, one I. W. Burhans, who had been president of the bank, presented a claim on March 16, 1897, for $5,377.26, balance of deposit account, which was not controverted. This claim was afterwards assigned to *J. L. Goodvin,* the plaintiff herein. The defense consisted of three counterclaims, of which only one was sustained. It is to the effect that on June 20, 1889, one Edmund Rice, Jr., gave to the bank his note for $15,000, payable five years after date, with interest at eight per cent., reciting on its face that it was "secured by mortgage upon lots 11, 12, 13, and 14, block 38, First Division of West Superior," and on the same day, to secure the same, executed a mortgage in usual form upon the above-described premises, which mortgage was never recorded. On December 1, 1890, Rice conveyed those premises, together with others, to said Burhans, by a warranty deed containing the clause, "subject, however, to all incumbrances now existing on said premises, and which incumbrances said party of the second part hereby assumes and agrees to pay, as part of the consideration for the above-described premises." Rice's note never having been paid, the defendant claimed liability of Burhans to the bank for said sum of $15,000 and some accrued interest, as a setoff or counterclaim in the action.

The claimant interposed reply, and by way of defense to said counterclaim asserted that some time prior to the making of said deed of December 1, 1890, the bank released its said mortgage and accepted the personal liability of Rice, and, to effect such release, delivered up the mortgage to Mr. Burhans for Rice, and that Burhans purchased of Rice in reliance upon such release. The mortgage claimed to have been delivered to Burhans remained within the bank, where Burhans had a private office and his own papers, among which, he testifies, the mortgage was kept. At the time of the assignment he left the bank, and did not enter it again up to the time of trial. The Rice note, accompanied by the mortgage, was delivered to the assignee by the former cashier of the bank, together with other securities, after the assignment. There is no express finding whether such transaction claimed to constitute a release occurred. The court found as a fact that the deed to Burhans "was made subject to all incumbrances which existed on said premises at the date of said deed, and in and by the terms and conditions of said deed said I. W. Burhans assumed and agreed to pay, as part of the consideration for said premises, said incumbrances, including the said mortgage given to the Bank of West Superior by said Edmund Rice, Jr.;" also that, by reason of the omission to record that mortgage, it had been cut off by subsequent mortgages, thus taking precedence over it, so that it had become of no value, and Rice had become financially irresponsible. The amount of such indebtedness exceeding the amount of plaintiff's claim, judgment was rendered in favor of the defendant, from which the plaintiff appeals.

For the appellant there was a brief by *Geo. B. Hudnall* and *W. E. Pickering*, and oral argument by *Mr. Hudnall.* *George P. Knowles*, for the respondent.

DODGE, J. The principal, if not the only seriously controverted, question is whether the bank corporation, acting

by its directors, released its mortgage lien effectively, either as against the mortgagor, Rice, or against his grantee, Burhans. That an equitable interest in land or a lien thereon may be released without writing is well established. *Telford v. Frost,* 76 Wis. 172; *O'Donnell v. Brand,* 85 Wis. 97; *Goldsmith v. Darling,* 92 Wis. 363; *Slaughter v. Bernards,* 97 Wis. 184; 1 Jones, Mortgages, § 974. From these authorities it would seem that mere words will not suffice, unless confirmed by the delivery up of the mortgage, or unless so acted on and carried into execution as to arouse equities demanding protection on the principle of estoppel. The transaction claimed to have effectually released the unrecorded mortgage from Rice to the bank is established only by the testimony of Burhans, but the testimony is, save for one statement to be hereafter mentioned, wholly without contradiction, and, unless so improbable as to be beyond reasonable credence, must be taken as establishing the facts asserted, especially when the adverse party has failed to call any of the numerous other participants, namely, the directors of the bank. The single statement of Burhans which can be said to be in any wise in conflict is that Rice's mortgage was delivered up to him (Burhans), so as to be physically separated from other papers belonging to the bank. This is claimed to be controverted by the fact that, when the cashier delivered to the assignee the securities, the Rice note and this mortgage were among them and were together. How soon after assignment this was done is not made to appear, nor whether in the interval the cashier had access to Burhans's papers kept by him within the bank. It is in some measure affected by the fact that the inventory made by the cashier under the law specified the note, but made no reference to any mortgage security therefor.

Mr. Burhans's testimony, then, if credible, establishes that the exigencies of the situation required the clearing of title

of the property in question in order to enable its improvement, in which the bank apparently was in some measure interested, and that the bank, acting by its directors, released to Mr. Rice this mortgage lien; that he took steps to carry out the plan of the improvement, in the course of which the property was transferred to Burhans, and loans for its improvement negotiated thereon. By the deed, Burhans assumed the incumbrances, and paid off such as there were other than this mortgage, which he always treated as nonexistent, and which the bank never suggested claim upon, from the transaction narrated, some time in 1890, up to the service of their counterclaim in January, 1900, during all of which time Burhans had been apparently solvent and collectible, and the bank had been in such straits as ultimately to make assignment for its creditors. Such evidence seems to fully satisfy the rules above indicated for release of mortgage lien by word and acts, independently of consideration whether manual delivery up of the mortgage was made. The agreement and purpose upon which the release was made has been executed, both Rice and Burhans have acted on the faith of such release, so that the latter must suffer seriously if it be not held effective, and the subsequent conduct of the bank has been such as to confirm the understanding testified to.

Objection is made that parol evidence was not admissible to prove the acts of the directors. Doubtless, if a written record was kept of their meeting and action, that would be the best evidence; but, if no record was kept, then parol evidence is as proper to prove such transactions as any other. *Zalesky v. Iowa State Ins. Co.* 102 Iowa, 512; *Duluth, S. S. & A. R. Co. v. Douglas Co.* 103 Wis. 75. It may be doubtful whether there is any presumption of the existence of any record of *executive* acts done by directors, such as negotiating and contracting directly with others, whatever may be the rule as to their procedure when convened as a board for

deliberation and legislation as to corporate affairs. In the instant case, however, we may pass that question, for the witness Burhans testified that he did not think the action of the directors as to the Rice matter appeared on the records. This suffices, *prima facie*, to deny the existence of any record, when definite proof on the subject — the record books themselves — were in the control of the adverse party. If Mr. Burhans was mistaken, the defendant could easily have shown that fact, and, in the absence of such showing, cannot complain of admission of parol evidence.

We must hold that the transactions testified to by Mr. Burhans constituted an effective release of the mortgage lien, and that no incumbrance in favor of the bank rested on the property conveyed by Rice to Burhans, so that the alleged liability of the latter for Rice's debt of $15,000 is not established. The indebtedness of the bank to *Goodvin* is declared by the findings, and none of the defenses thereto is sustained.

*By the Court.*— Judgment reversed, and cause remanded with directions to allow the plaintiff's claim in accordance with the complaint.