COMMERCIAL HOTEL COMPANY, Appellant, vs. BRILL and another, Respondents.

*December 17, 1904—January 10, 1905.*

*Landlord and tenant: Lease under seal: Surrender: Corporations: Officers: Authority.*

1. Where the lessee under a lease under seal actually delivered possession of the premises to the landlord by turning them over at his request and direction to parties who had leased them from the landlord, such circumstances are sufficient in law to constitute a surrender, although not in writing as required by the statute.

2. The secretary and treasurer of plaintiff corporation signed a lease with defendant, was charged with the duty of putting de-

fendant into possession, and collected and received the rent from him. He also secured the assignment of defendant's lease to third persons, all the negotiations by the third parties to secure a lease of the premises being conducted with him. His authority to act in all these matters was conceded up to the point of effectuating a surrender of defendant's lease. *Held*, that the extent of his authority as evidenced by these acts, carried with it authority to effect a surrender of such lease as an act reasonably within the scope of his employment in conducting and managing plaintiff's business.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed*.

Plaintiff, a corporation, brings this action to recover the sum of $470, rent due under a lease, and the sum of $425 for waste and injury to the premises held by the defendant *Brill*, as lessee. About November 1, 1897, the plaintiff and the defendant *Brill* entered into a leasing contract, whereby plaintiff, as owner, leased to defendant *Brill* the hotel property described in the lease, situated in the city of Appleton, Wisconsin, for the term of five years from the 1st day of January, 1898, at an annual rental of $1,200, payable in monthly instalments of $100 in advance. It was agreed that the lessee was to keep the interior of the hotel building in repair and in tenantable condition. There was also an agreement against subletting. The defendant *Henry Ashauer* and one George Walter became sureties for the payment of the rent and the faithful performance of the conditions of the lease on the part of the lessee. The defendant *Brill* went into possession of the premises as lessee on the 1st day of January, 1898. He continued in actual possession until December 9, 1899. It appears that at some time prior to December 9, 1899, the defendant *Brill* had interviews with F. B. Voight, the secretary and treasurer of the plaintiff corporation, concerning his (*Brill's*) discontinuance of the hotel business on these premises, and the substitution of some other person in his place as lessee. Plaintiff's testimony, including that of F. B. Voight,

is to the effect that the defendant *Brill* made a sale of his interest in this lease, and also his personal property in the hotel,. to Peter Renn and August Ashauer, of the city of Appleton,. on December 9, 1899, and assigned to them his interest in the lease for the remainder of the term, and that they went into possession of the hotel premises as subtenants of *Brill*.   The defense to this claim is that Renn and Ashauer were the tenants of the plaintiff under an agreement made with F. B. Voight, its secretary, and that *Brill* surrendered his lease to plaintiff under an agreement with Voight, and as a part of such surrender the lease was assigned to Renn and Ashauer at Voight's direction, and that they took possession of the premises under this lease as the tenants of the plaintiff.   The evidence is in conflict as to each of these claims.   The court found that the plaintiff, through its secretary and agent, F. B. Voight, made an agreement with Renn and Ashauer, whereby plaintiff contracted to give them possession of the hotel property as its tenants, under purchase of the *Brill* lease, for the remainder of the term of such lease, upon the same terms and conditions; and that *Brill*, under agreement with Voight, its officer and agent, surrendered possession of the premises to. plaintiff by assigning his lease to Renn and Ashauer, at Voight's request and direction, and that thereupon Renn and Ashauer went into possession of the premises under plaintiff,. and held them as its tenants.   The court also found that this agreement so made by Voight with *Brill* was within the scope of his authority as secretary and agent of the plaintiff in dealing with and managing this hotel property.   There is no dispute as to the assignment of the lease by *Brill* to Renn and Ashauer at the time specified; that they went into possession and occupied the hotel thereafter for the unexpired period covered by the lease; that they paid the rent as stipulated, except the amount sued for; and that *Brill* paid all the rent up to the time Renn and Ashauer took possession of the premises. The testimony of *Brill* is that he had an understanding that

if another tenant acceptable to Voight could be found he would surrender the lease and premises to plaintiff, and thereafter be released from all liability on the contract; that Voight thereafter made an agreement with Renn and Ashauer to the effect that they were to take the hotel property, as plaintiff's tenants, under an assignment of defendant's lease for the unexpired term, and upon the same conditions; that he (*Brill*), at Voight's request, on December 9, 1899, and in Voight's presence, assigned the lease to Renn and Ashauer, and surrendered the keys and possession to them at Voight's direction; that he thereupon paid Voight all rent due from him; and that all subsequent dealings in respect to the premises, including the payment of rent and the final surrender of the premises, were between Voight and Renn and Ashauer. This testimony was corroborated in part by the testimony of Renn and that of Ashauer. The testimony of Voight and other witnesses was in conflict therewith. Upon the findings by the court, judgment dismissing the complaint and for costs was entered, and from this judgment plaintiff appeals.

For the appellant there was a brief by *G. T. Moeskes* and *John Bottensek,* and oral argument by *Mr. Bottensek.*

For the respondents there was a brief by *Pierce & Lehr,* and oral argument by *Humphrey Pierce.*

SIEBECKER, J. Appellant contends that the court erred in its finding that there was a surrender of the hotel premises by the defendant *Brill,* as lessee, on December 9, 1899, when Renn and Ashauer took possession. It is not claimed that there was a surrender in writing as required by the statute, but it is claimed that there was a surrender by operation of law, in that the lessee (*Brill*) actually surrendered possession of the premises to plaintiff by turning them over at the request and direction of plaintiff's secretary and agent to Renn and Ashauer, who had leased them from plaintiff. Such circumstances are sufficient in law to constitute a surrender of

a lease under seal.   As stated in *Witman v. Watry,* 31 Wis.
638:

"Where, before the expiration of a lease under seal, the
lessee actually surrendered possession of the premises to his
lessor, who accepted the same and leased them to another, it
was held to be, in effect, a surrender."   1 Washburn, Real
Property, § 739.   See, also, *Kneeland v. Schmidt,* 78 Wis.
345, 47 N. W. 438; *Goldsmith v. Darling,* 92 Wis. 363, 66
N. W. 397.

The court found that the evidence established an actual sur-
render of the premises by the lessee to plaintiff when he as-
signed his lease and delivered possession of the premises to
Renn and Ashauer, who had leased them from plaintiff by an
agreement with Voight, plaintiff's secretary and agent, for
the unexpired term of the lease.   The evidence upon this issue
was in conflict.   We cannot say that the finding excepted to
is against the clear preponderance of the evidence.   As set
out in the foregoing statement of facts, the testimony of *Brill*
clearly tends to show that there was an actual surrender of
the premises to the lessor by an assignment of the lease and
delivery of the keys to Renn and Ashauer at its agent's re-
quest, and that they took possession of the premises as tenants
of the plaintiff.   The evidence of Renn and Ashauer cor-
roborates this claim.   We must hold that there is proof to sup-
port this finding.

It is further claimed that there is no proof sustaining the
finding that Voight had authority to act for plaintiff in effect-
ing a surrender of the lease.   It appears that he is the secre-
tary and treasurer of the plaintiff, and as such signed the
lease to the defendant *Brill;* that he was charged with the
duty of giving possession of the premises to *Mr. Brill,* and of
attending to the making of repairs; that he collected and re-
ceived the rent from the defendant, and that all negotiations
by Renn and Ashauer to secure the lease of the premises were
conducted with him, and that he secured the assignment of the
lease.   His authority to act in all these matters seems to be

conceded up to the point of effecting a surrender. The extent
of his authority, as evidenced by all these acts, must be held
to carry with it authority to effect a surrender of the lease
as an act reasonably within the scope of his employment in
conducting and managing plaintiff's business.    Mechem,
Agency, §§ 278, 279, and 287.

    *By the Court.*—Judgment affirmed.