In re ERICKSON et al.

NIESEN et al. v. ERICKSON et al.

No. 6889.

Circuit Court of Appeals, Seventh Circuit.

Oct. 21, 1939.

M. N. Daffinrud, of Viroqua, Wis., for appellants.

J. A. Moen, of Viroqua, Wis., for appellees.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered January 20, 1939, approving and confirming an order of the Referee in Bankruptcy previously entered, in which it was found that there had been a rescission or surrender by the vendors and vendees of their respective interests in a contract for the sale of land and certain personal property.

Appellants, as owners, and appellees, as tenants, entered into a written land con-

tract for the sale and purchase of a farm and personal property, which contract on March 2, 1936, was renewed. One year later, the payments provided by the contract being due and unpaid, an action was brought by appellants in the County Court of Vernon County, Wisconsin, for specific performance of said contract. The action was contested by appellees, but a judgment was entered in favor of appellants December 3, 1937. By virtue of the judgment, a sale of the property was had on March 3, 1938, and the property sold to appellants. On March 30, 1938, the sale was confirmed by the court, and a sheriff's deed was made and delivered to the appellants. Under the terms of the judgment, appellees were given the privilege of remaining in possession of the premises until March 1, 1938, which they vacated one day previous thereto. Immediately thereafter, appellants entered into possession of the property. Upon confirmation of the sale, the court entered a deficiency judgment in favor of appellants in the sum of $900. The personal property involved in the contract consisted of livestock and farming machinery. This was likewise sold at the sheriff's sale, for the sum of $429, all except a small portion of which was purchased by appellants.

On the 19th day of April, 1938, appellees were adjudicated bankrupts and, among their liabilities, listed the $900 due appellants by reasons of the deficiency judgment. No mention was made in the bankrupts' schedule of the real or personal property involved in the land contract. The referee in bankruptcy found that the County Court of Vernon County, Wisconsin, did not have jurisdiction of the subject matter in the action for specific performance and that the judgment so entered was void. The parties here acquiesce in the conclusion of the referee in this respect and we assume it was correct. After this finding by the referee, appellants filed against the bankrupts an amended claim in the sum of $8,565.58, which included principal and interest on the land contract and taxes advanced by appellants.

Thereafter the trustee of the bankrupt estates made a supplemental inventory of the real estate and personal property covered by the said land contract, omitting therefrom certain personal property sold by the sheriff at the judgment sale to parties other than the appellants.

Thereafter the referee in bankruptcy denied appellants' claim and found that the land contract had been rescinded upon the theory that there had been a surrender of the same by act and operation of law under Section 240.06, Wisconsin Statutes (1937). This provision, so far as here material, is as follows: "No estate or interest in lands * * * shall be * * * surrendered *. * * unless by act or operation of law or by deed or conveyance in writing, subscribed by the party * * * surrendering * * * the same."

It is admitted there was no "deed or conveyance in writing" by which a surrender was effected, but it is contended by appellees that the parties effected a surrender by "act or operation of law" and it is this contention which presents the question we are called upon to decide.

The Courts of Wisconsin, in construing the statutory language involved, have frequently recognized that a surrender of such a contract may be effected by acts of the parties concerned or by operation of law. The general rule is announced in Telford v. Frost, 76 Wis. 172, 174, 44 N. W. 835, 836, as follows: " * * * These two methods are frequently, and perhaps generally, present, and coalesce in the same transaction. Such surrendering is nothing more than the effectual yielding up of such estate or interest to one having the immediate reversion or remainder wherein such particular estate or interest may merge."

In Kneeland v. Schmidt, 78 Wis. 345, 348, 47 N.W. 438, 439, 11 L.R.A. 498, the rule is thus stated: " * * * We think that if there was evidence to sustain the contention of the defendant that he offered to and desired to surrender the lease, and that, after making such offer, the plaintiff took exclusive possession of the leased premises, that would amount to a surrender of the lease, and an acceptance of such surrender by the plaintiff terminated the lease. This contention, we think, is sustained by the authorities."

In West Concord Milling Co. v. Hosmer, 129 Wis. 8, 13, 107 N.W. 12, 14, it is said: " * * * This court has held that 'if before the expiration of the term the lessee offers to surrender the lease, and the lessor thereupon takes exclusive possession of the premises, this amounts to a surrender and acceptance which terminates the lease.' "

From these authorities and others to the same effect, it is argued by appellees that, inasmuch as they surrendered to and appellants accepted the possession of the property in question, that these acts on the part of the respective parties effected a surrender of the land contract by operation of law, and that each of the parties were absolved from all rights and interests therein, as well as all liabilities arising therefrom. Ordinarily, as is disclosed by the authorities heretofore referred to, the surrender of possession by the vendees and its acceptance by the vendors will produce such a legal result. There is presented here, however, a situation different from that considered by the court in any of the cited cases. If the judgment obtained in the County Court had been valid, there is no question but what appellants would have had no claim against the bankrupt estates except for the amount of the deficiency judgment. The judgment, however, being void, they have no claim by reason of this deficiency.

We do not see how the proceeding in the County Court, the judgment therein obtained, and the proceedings which followed as a result thereof, can be taken into consideration in determining the question before us except as such action relates to the intention of the parties and the effect which they produced upon the acts of the appellees in surrendering to appellants the possession of the premises. One of the remedies provided in Wisconsin for the enforcement of such a contract is that of specific performance. Heins v. Thompson & Flieth L. Co., 165 Wis. 563, 573, 163 N.W. 173; Harris v. Halverson, 192 Wis. 71, 77, 211 N.W. 295. The action is not for the purpose of extinguishing the rights and liabilities of the parties to the contract, but for the express purpose of enforcing such rights. That was the purpose which must be imputed to the appellants, and appellees resisted its accomplishment up to the period when all parties must have believed that appellees were subject to be dispossessed by the sheriff under the judgment of the court.

In order to constitute a surrender by acts of the parties, or operation of law, predicated upon the giving up of possession by the vendee and the taking over by the vendor, it would seem that the action of each must be voluntary, without coercion, and that it was the intention of the parties to accomplish such purpose. These elements are here lacking. It can not be said that the act of appellees in quitting the premises was their free and voluntary act—it is more accurate, we think, to conclude they acted as the result of coercion. On the other hand, it was not the intention of appellants to surrender the contract—it was plainly their purpose to enforce it.

In O'Donnell v. Brand, 85 Wis. 97, 101, 55 N.W. 154, 155, it is said: "* * * All that took place between the parties in relation to the alleged relinquishment or surrender was by parol, and the minds of the parties do not appear to have met upon any terms of rescission or surrender, even if a parol surrender would be valid."

Again, in Hogue v. Farmers' M. F. Ins. Co., 116 Wis. 656, 660, 93 N.W. 849, 850, it is said: "* * * But that is satisfied by a surrender of the contract to the vendor and the acceptance thereof, coupled with an intention by both parties to the transaction to extinguish the vendee's equity under the contract (Hutchins v. Da Costa, 88 Wis. 371–375, 60 N.W. 427), * * *."

Here the surrender of possession by appellees and the entry upon the premises by appellants was the result of a mistake on the part of each as to their legal rights. Appellants took possession as a step in the enforcement of the contract—appellees surrendered possession because they thought they were required to do so by the judgment of the court. The mistake was mutual—there was no meeting of the minds. The fact that they all were acting by reason of a void judgment and ignorant as to what constituted their legal rights in the matter does not change the situation in this respect. Under such circumstances, we do not think it can be said that the acts of the parties constitute a surrender within the meaning of the Wisconsin Statute heretofore referred to.

It follows that the parties, insofar as the contract is concerned, are in status quo—that is, their status has not been changed by the unwarranted court procedure and by the acts of the parties which resulted therefrom. It is suggested by appellees that appellants still have possession of and legal title to the property involved, and they are not entitled to an allowance of their claim against the bankrupts and retain such title and possession. There can be no question about the soundness of this position. We see no reason,

however, why appellants, at the time of the allowance of their claim in the bankruptcy court, could not be required to transfer to the trustee in bankruptcy, by proper conveyance, the real property involved, as well as the personal property purchased by them at the judgment sale, together with a proper accounting for the proceeds of the personal property sold to other parties, and the rents and profits received by reason of their use and occupancy of the property.

The order of the District Court is reversed with directions to proceed in conformity with the views herein expressed.