FERRIER v. STORER.

1. **Contract by Letter**: PROPOSAL AND ACCEPTANCE: FACTS CONSTITUTING. Where plaintiff had in his possession money belonging to defendant, and he wrote defendant:—"I want to say to you, if you was coming out here in the fall, I will use your money until you come, and give you ten per cent for it;" and the defendant answered:—"You can use it (the money) * * * on your own terms, mentioned in your last;" *held* that defendant's letter was an acceptance of plaintiff's proposition. The words, "If you was coming out here in the fall" were not used to express a condition on which plaintiff would keep the money, but rather as a reason why he made the proposition.

2. ———: HOW AND WHEN CONSUMMATED: TIME OF MAILING ACCEPTANCE: ERRONEOUS INSTRUCTION. When a proposal is made by letter, the mailing of a letter of acceptance is the overt act which consummates the contract and binds the contracting parties. But the letter of accept-

ance must be mailed within the time named in the proposal, if any, and if no time is named, then with reasonable dispatch, and before any intimation is received that the offer is withdrawn. (See authorities cited in opinion.) Accordingly, where there was no evidence that defendant's letter of acceptance was mailed within the proper time, it was error to instruct the jury that plaintiff was bound thereby, unless he, immediately upon the receipt thereof, informed the defendant that the acceptance was too late, and that the offer was withdrawn.

3. ———: EVIDENCE OF TIMELY ACCEPTANCE OF OFFER: BURDEN OF PROOF. Where the acceptor of a proposition made to him by letter seeks to enforce a contract alleged to have been consummated by his letter of acceptance, he has the burden of proof to show that his acceptance was mailed in time.

4. ———: EVIDENCE: LOCATION OF POST-OFFICES: JUDICIAL NOTICE. Courts do not take judicial notice of the location of post-offices, nor of the character of the mail communications between them.

*Appeal from Cero Gordo Circuit Court.*

FRIDAY, APRIL 25.

ACTION UPON AN ACCOUNT. The defendant pleaded a general denial. He also, by way of counter-claim, pleaded that the plaintiff was indebted to him for interest on money loaned, for the use of certain land, for money paid to remove an incumbrance from land purchased of plaintiff, for labor and lumber furnished plaintiff, and for an overpayment for land. There was a trial to a jury, and verdict and judgment were rendered for the defendant for $208.65. The plaintiff appeals.

*Glass & Hughes,* for appellant.

*Stanberry & Clark,* for appellee.

ADAMS, J.—I. The first question arises upon an instruction pertaining to interest charged plaintiff by defendant.

1. CONTRACT by letter: proposal and acceptance: facts constituting. The interest charged is for $300, alleged to have been loaned to plaintiff by defendant on the 29th day of May, 1871. The defendant denies the loan. The undisputed fact is that the plaintiff

had that sum in his hands at that time, which the defendant had sent him to invest in land. Not finding an immediate opportunity to make such investment, the plaintiff wrote to the defendant, proposing to borrow it and pay him ten per cent interest. The defendant replied, accepting the offer. The plaintiff did not in fact use the money, and it was afterwards applied in payment for land purchased by defendant. The plaintiff's position that he did not borrow the money does not rest upon the fact that he did not use it. It rests upon the alleged fact that, notwithstanding the defendant's reply accepting the plaintiff's offer, the acceptance was not fully within the terms of the offer, and, in addition, that the reply was not made within a reasonable time.

The court seems to have thought that the acceptance was sufficiently within the terms of the offer, and, while it seems to have had some doubt as to whether the reply was made in time to necessarily constitute a contract, it held that it did so, unless the plaintiff immediately upon the receipt thereof notified the defendant that he had withdrawn his offer. The instruction given is in these words: "The letters given in evidence, one from plaintiff to defendant, proposing to defendant to use defendant's money in plaintiff's hands and allow him interest at the rate of ten per cent, and the other from defendant to plaintiff, accepting the proposal, or consenting to plaintiff's use of the money, if written by the respective parties, would constitute a written contract between them as to that matter, binding on both, unless the plaintiff, immediately on the receipt of the defendant's letter, gave notice to the defendant that he had withdrawn his offer, or declined to accept the money as a loan." The giving of this instruction is assigned as error.

The plaintiff's letter containing his offer bears date, "Lincoln, May 1, 1871. The offer is in these words: "I want to say to you, if you was coming out here in the fall, I will use your money until you come, and give you ten per cent for it. I have a payment to make on my place before a great while,

Ferrier v. Storer.

and it will accomodate me until after harvest. Please let me know as soon as you find it convenient." The defendant in his answer, dated, Depere, Wis., May 29, 1871," said: "You spoke of the money I sent being useful to you for making a payment on your place. You can use it for that purpose on your own terms mentioned in your last, as I have no other use for it, but I do not like it to lie idle, as it does not pay."

The position taken by plaintiff, that the acceptance was not made within the terms of the offer, rests upon the fact that the offer contains the words: "If you was coming out here in the fall," and the acceptance makes no reference to such condition. To this we have to say that it does not appear to us that we can give the words the force of a condition. They seem to have been used rather as an introduction to, or reason for, the plaintiff's proposal, and not as essentially concerning any object which the plaintiff was desiring to secure. In our opinion, the acceptance was substantially within the terms of the offer.

II. In the instruction the court ruled, in effect, that the acceptance became binding upon the parties, unless the plaintiff immediately notified the defendant that he had withdrawn his offer. The rule now supported by the great preponderance of authority, and almost, if not quite, universally adhered to, is that, when a proposal is accepted by letter, the contract is deemed to become complete when the letter is mailed, provided the offer is standing, and the acceptance is made within a reasonable time. *Moore v. Pierson*, 6 Iowa, 292; *Mactier's Admr's v. Frith*, 6 Wend., 103; *Brisban v. Boyd*, 4 Paige, 17; *Tayloe v. Merchant's Fire Ins. Co.*, 9 How., 390; *Hallock v. Ins. Co.*, 2 Dutch., 268; *Adams v. Lindsell*, 1 B. & Ald., 681; *Potter v. Sanders*, 6 Hare, 1. The contract is deemed complete when the letter is mailed, because the mailing constitutes the overt act by which the acceptance is manifested. In *Hallock v. Ins. Co.*, above cited, Vrendenburgh, J., speaking of the overt act by which acceptance is man-

2.——: how and when consummated: time of mailing acceptance: erroneous instruction.

ifested, said: "The overt act may be as various as the form and nature of contracts. It may be by the fall of the hammer, by words spoken, by letter, by telegraph * * *. The acceptor can no more overtake and countermand his letter mailed than he can his words of acceptance after they have issued from his lips." And he adds: "The bargain, if struck at all, must be *eo instanti* with such overt act. Mailing a letter containing an acceptance, or the instrument itself, intended for the other party, is certainly such overt act." Such we believe to be the well recognized doctrine as to the point of time when a contract made by correspondence is deemed complete. It will be seen that the rule is sharply defined. The instruction given seems to us to be a departure from it. It assumes that the contract in the case at bar was not neces-' sarily complete when the letter of acceptance was mailed, and that no contract would have been made, if the plaintiff immediately upon the receipt of the letter had notified the defendant that the offer was withdrawn. The departure from the recognized rule must have been deemed called for upon the ground that the letter of acceptance was not mailed within a reasonable time. The court, doubtless, assumed the rule to be, that a contract by correspondence is not completed by the mailing of the letter of acceptance, where that is not done within a reasonable time. In this the court was unquestionably correct. In Benjamin on Sales, section 44, note, it is said: "The answer of acceptance must be placed in the post-office within the time limited, if any, or otherwise with *reasonable dispatch*, and before any intimation is received that the offer is withdrawn." In support of the rule, the annotator cites *Potts v. Whithead*, 5 C. E. Green, 55; *Abbott v. Shepard*, 48 N. H., 14; *Stockham v. Stockham*, 32 Md., 196. See, also, *Craig v. Harper*, 3 Cush., 158; *Johnton v. Fessler*, 7 Watts, 48. The rule we believe to be recognized by implication by many other authorities. Taking this to be the rule, we have to inquire whether an acceptance after the time limited, or, in the absence of an express limitation, after

the lapse of a reasonable time, imposes upon the person mak-ing the offer any obligation. The theory of the court below seems to have been that it does. But in our opinion it does not. The offer, unless sooner withdrawn, stands during the time limited, or, if there is no express limitation, during a reasonable time. Until the end of that time the offer is regarded as being constantly repeated. Chitty on Cont., (11th Ed.,) 17. After that there is no offer, and, properly considered, nothing to withdraw. The time having expired, there is nothing which the acceptor can do to revive the offer, or produce an extension of time.

There remains only to be considered whether the error in the instruction is such that we could regard it as without prejudice. If the undisputed facts showed that the letter of acceptance was mailed within a reasonable time, then the error would be without prejudice. The contract would have been proved, and the defendant would have been entitled to an instruction even more favorable to him than that of which the plaintiff complains.

As to whether the letter of acceptance was mailed within a reasonable time, we have to say that the burden was upon 3. ——: evidence of timely acceptance: burden of proof. the defendant who sets up the contract to show that it was. We have already seen that the letter of acceptance was dated four weeks later than the letter containing the offer. One was dated at Lincoln, and the other at Depere. These were probably the post-offices of the respective parties. But as to where 4. ——: evidence: location of postoffices: judicial notice. they are there is no evidence, and we do not take judicial notice of such matters. Neither is the character of the mail communication shown. We could not say that four weeks was not an unreasonable time, unless we could say so upon a state of facts the most favorable to the plaintiff which we could assume. But it would be useless to go into any such inquiry. It is immaterial as to when the defendant's letter was dated. The question is as to when it was mailed, and on that we find no evidence whatever. In our

opinion, therefore, the instruction was erroneous, and not without prejudice.

Several other questions are presented, but we omit. to determine them. They arise mainly upon the pleadings or evidence, and are not of such a character that they will probably arise upon another trial. The evidence, as it is presented to us, appears to us, from such examination as we have been able to give it, to be in many respects unintelligible. How a proper verdict could have been founded upon it we do not see. If the case shall be tried again, it will be seen, doubtless, that a more careful and somewhat fuller and more systematic examination of the witnesses will be necessary.

REVERSED.