GIPPS BREWING COMPANY, Appellant, v. CHARLES DE FRANCE.

Intoxicating Liquors: CONTRACT TO SELL CONSTRUED. A writing
1 dated "Peoria, Illinois," offered to sell defendant beer for a year at
prices therein specified, as from time to time ordered, and to be
"delivered on track at Des Moines," kegs not returned to be paid for.
3 This offer was accepted at Des Moines. *Held* to be an Iowa contract
and wholly void.

4 SAME. All payments made under such contract may be recovered
5 back without deduction for kegs not returned.

2 Pleading: STRIKING. An amendment to petition which does noth-
ing but place a construction upon a writing set out in the original
petition, should be stricken.

*Appeal from Polk District Court.*—HON. S. F. BALLIETT, Judge.

THURSDAY, MAY 17, 1894.

ACTION at law to recover the sum of two thousand, six hundred and thirty-five dollars and thirty-five cents alleged to be due for beer sold and delivered, and for beer barrels, kegs, and cases delivered and not returned. The defendant, by way of counterclaim, asked judgment for the amount of money he had paid to plaintiff for beer. A jury was impaneled, and the trial of the cause was commenced. After the evidence was submitted, the jury, by direction of the court, returned a verdict for the defendant in the sum of one thousand and six dollars and eighty cents. From the judgment rendered on the verdict both parties appeal, the plaintiff being treated as the appellant.—*Affirmed on plaintiff's appeal, and reversed on defendant's appeal.*

*Bishop & Wilcoxen* for appellant.

*McVey & Cheshire* for appellee.

Robinson, J.—On the twenty-eighth day of March, 1891, the parties to this action entered into an agreement in writing of which the following is a copy:

"Peoria, Ill., March 26, 1891.

"*Mr. Charles De France, Des Moines, Iowa.*

"Dear Sir:—We propose to sell you our keg bottled beer, in refrigerator cars, delivered on track in Des Moines, from time to time, as you may order, on the following terms and conditions for the term of one year, viz.: Keg beer (our best brands), six dollars per barrel. Bottled beer 'Amberlin,' in cases, two dozen quarts, one dollar and sixty cents per case. Bottled beer, 'Export,' in cases, two dozen quarts, one dollar and forty cents per case. After the first two cars, cash to accompany each subsequent order; thus allowing a credit for two cars. All empty kegs, cases and bottles are to be shipped back promptly, and at the end of six months from date, and, on the first settlement, all empties not in sight must be paid for at the following rates:

| | |
|---|---|
| ½ barrels C ................................................. | $ 2.25 each. |
| ¼ (kegs) C.................................................. | 1.50 each. |
| ⅛ (ponies) C............................................... | 1.00 each. |
| Cases C..................................................... | .25 each. |
| Bottles (quarts) C.......................................... | .50 per doz. |

"If mutually agreed, this proposition may be renewed for a longer period.

"Yours, respectfully,

"Gipps Brewing Company.

"Des Moines, Iowa, March 28, 1891.

"I accept the above proposition.

"Charles De France.

"Des Moines, Iowa, March 28, 1891.

"We, the undersigned, hereby guaranty the faithful performance of all the stipulations and conditions of the above agreement, and the payment of all money due

said Gipps Brewing Company, of Peoria, Illinois, from said Chas. De France, by reason of said agreement.

"S. G. COGSWELL,

"F. C. NORFOLK."

During the spring and summer of that year, the plaintiff shipped to the defendant at Des Moines, beer, barrels, kegs, and cases of the aggregate value, as fixed by the agreement, of six thousand and thirty-two dollars and sixty-seven cents, and money was paid, and cases returned, to the value of three thousand, three hundred and forty dollars and fifteen cents. The plaintiff seeks to recover the remainder of the agreed price. The defendant alleges that the agreement between the parties was to be performed in this state; that it was for the sale of intoxicating liquors; that defendant was not authorized, under the laws of this state, to purchase or to own, or keep with intent to purchase or own, or keep with intent to sell, intoxicating liquors; that the agreement was in violation of the laws of this state; and that the liquors in question were sold to him under the agreement, in violation of law. The defendant further alleges that on the night of August 16, 1891, his place of business was destroyed by fire, and that in it were beer barrels, kegs, and cases owned by the plaintiff, which the parties agree were of the value of one thousand, five hundred and seventy-two dollars and seventy cents which were also destroyed; that the fire was without fault on his part; and that he is not liable to the plaintiff for its property, which was burned as stated. In his counterclaim, the defendant asks to recover the amount of the payments for beer he has made under the agreement, which is admitted to be two thousand, five hundred and seventy-nine dollars and fifty cents. The judgment rendered was for what remained of that amount after deducting therefrom the value of the barrels, kegs, and cases burned.

I.   Before the trial was commenced, the plaintiff filed an amendment to its petition, in which it alleged that the contract inserted in the petition, and which we have set out, was not the contract for the sale of the merchandise for the value of which this action is brought, but only an agreement as to what the prices should be for merchandise defendant should order from time to time, and was only intended to be the basis or price list for such sales as the parties to it should afterward agree upon; that no sales were made until orders were sent to and accepted by the plaintiff; and that the agreement was binding upon the parties thereto as to the price of the merchandise sold for one year.   A motion of the defendant to strike the amendment from the files was sustained, and of that ruling the plaintiff complains. It is not alleged that the agreement first made was set. aside, or in any manner modified by a subsequent one, and the amendment appears to have been intended to interpret the agreement, and to state its effects.   Its statements were in the nature of conclusions of law, and it was properly stricken from the files.

II.   It is admitted that, if the contracts of sale in question were Iowa contracts, they were in violation of the laws of this state, and that appellant can not recover for the liquor sold.  It is contended by the appellant that the sales were made in the state of Illinois, and are governed by the laws of that state, which permit sales of the character of those in question.   It will be observed that the contract set out does not purport to effect any sale whatever.   On the part of the plaintiff it is an offer to sell beer of certain kinds in specified packages, at stated rates, on terms indicated.   It did not bind the defendant to make purchases, but was designed to induce him to do so, and to make definite the terms and conditions upon which he could rely.   The orders he gave were based upon

that agreement, and were governed in all respects by it. That is shown beyond question by the correspondence and dealings between the parties. When beer was shipped to defendant, an expense bill, but no bill of lading, was sent to him. There is nothing that shows that the beer was delivered to him on the cars at Peoria, where it was shipped. The place and manner of delivery were fixed by the contract, and were to be "in refrigerator cars, delivered on track in Des Moines, from time to time," as defendant should order. It was his right to insist upon delivery in Des Moines, and he could not be compelled to accept the beer elsewhere. Nor is there anything in the record to show that he waived his rights in that respect. The charges for transportation were paid in the first instance by the defendant at Des Moines, but were deducted from the contract price of the beer. The agreement fixing the terms of sale was forwarded to Des Moines, and there signed. It contained, in effect, a continuing offer to sell beer on the terms stated. See *Muscatine Waterworks Co. v. Muscatine Lumber Co.*, 85 Iowa, 112, 52 N. W. Rep. 108; *Judd v. Day*, 50 Iowa, 247. That offer was accepted when a letter was written or telegram sent ordering beer to the extent of the order, and the acceptance took effect from the time the letters were mailed and the telegrams were sent. *Ferrier v. Storer*, 63 Iowa, 487, 19 N. W. Rep. 288; *Tegeler v. Shipman*, 33 Iowa, 198. The beer ordered was delivered at Des Moines, as required by the contract.

We conclude that the sales were made in this state, and that they are governed by its laws which were in force at that time. Our conclusion is sustained to some extent by the following authorities: *Sedgwick v. Cottingham*, 54 Iowa, 512, 6 N. W. Rep. 738; *Hooper v. Railway Co.*, 27 Wis. 82; *Suit v. Woodhall*, 113 Mass. 391; *Wasserboehr v. Boulier*, 84 Md. 165, 24 Atl. Rep. 808; 2 Benj. Sales, sec. 1040; 21 Am. and Eng. Encyclope-

dia of Law, 528, note 1. Cases are cited by the appellant which are claimed to hold a different rule, but we think that in most, if not all, of them, the controlling facts were unlike those in this case, and that different principles were involved. When the sales in question were made, the defendant had not obtained the right to purchase and deal in intoxicating liquors. The sales were in violation of law, and no recovery therefor can be had.

III. Section 1550 of the Code provides that: "All payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money * * * or anything else whatsoever, shall be held to have been received in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money. * * *" Under this provision the defendant is entitled to recover the money he has paid on account of the sales in question. He complains of the ruling of the court which deducted from that amount the value of the beer barrels, kegs, and cases in which beer had been shipped to him, which were burned. The contract in suit, in terms, requires the defendant to return the property destroyed, or pay therefor the prices specified. That provision can not be separated from the remainder of the agreement, but was a necessary part of it. The defendant was not dealing in the property therein described, excepting so far as was necessary to carry on his illegal business. It was sent as necessary to complete the sales, and for no other purpose; and the provision for its return, and for payment if it was not returned, was merely to fix the liability which the defendant would incur by reason of the sales, as an incident of them. It was said in *Reynolds v. Nichols*, 12 Iowa, 402, to be

well settled "that any promise, contract, or undertaking, the performance of which would tend to promote, advance, or carry into effect any object or purpose which is unlawful, is in itself void, and will not maintain an action." If the provision under consideration were separable, it would be void, because intended to promote an illegal purpose; but we think the agreement as expressed in the writing must be regarded as entire and indivisible, lacking only an order to give it effect, and that it is wholly illegal. It follows that it imposed no obligation on defendant to return the property in question. He had collected and stored it, and in law held it as a mere depositary for the plaintiff, and was not liable for damage or loss which occurred without fault on his part. We are of the opinion that the court rightly instructed the jury to return a verdict for the defendant, but that it erred in not requiring a verdict for the full amount of the payments he had made to plaintiff. *On the appeal of the plaintiff, the judgment is affirmed. On the appeal of the defendant, it is reversed.*