WILLIAM CULTON v. JAMES O. GILCHRIST, Appellant.

Lease: What Constitutes. Plaintiff answered a proposition to lease "I will accept your offer to lease to you at $200 per year for three or five years as you choose." Defendant answered, "make out lease for place for five years at $200 per year." He also said in this letter that he would like to build on a cookroom, with privilege to remove it. Plaintiff recognized that a lease for five years existed. *Held,* these letters made a lease, and the request as to the cookroom did not attach a condition to defendant's acceptance.

*Appeal from Carroll District Court.*—HON. C. D. GOLD-SMITH, Judge.

SATURDAY, DECEMBER 15, 1894.

ACTION to recover the rental value of a farm, and for damages. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*F. M. Powers* for appellant.

*J. H. Ingwersen* and *A. P. McGuirk* for appellee.

KINNE, J.—I.   Plaintiff, the owner of certain real estate, claims that defendant wrongfully holds possession of the same, and demands judgment for its rental value, and for damages.   Defendant admits plaintiff's ownership of the land, and denies all other claims of plaintiff.   He also claims to be in possession of the land by virtue of a written lease with plaintiff for five years from March, 1892, and avers that said lease is embraced in certain letters which passed between them, and says that he has paid one hundred dollars on the rent, being all that was due at the commencement of this action.   Plaintiff denies any lease, and denies that defendant has paid any rent for the use of said premises.

II.   The only question we need to determine is as to whether a contract existed between these parties leasing the land, as claimed by the defendant. The learned district judge disposed of the case on the theory that the letters in evidence did not show that such a contract existed.   In this, we think, he was in error.   February 1, 1891, plaintiff wrote a letter to defendant, in which he said:   "I will rent for the present, and I will rent to you in preference to any man out there, because I think you have taken as well on my place as you could.   I think you have taken as good care of my farm as I could myself, but I will give you a decided answer next summer."   August 2, 1891, defendant wrote plaintiff as follows:   "I thought I would write you in regard to the place.   If you want to lease it to me, and you are not ready to come out soon, I will make you an offer for it, and, if you con-

clude to let me have it, would like to do the fall plowing this fall." August 9, 1891, plaintiff writes defendant: "I think, Mr. Gilchrist, that $150 per year is too small. I think it is well worth $200 per year. You can make me an offer to lease or buy, and I will let you know." August 17, 1891, defendant wrote plaintiff thus: "In answer to your proposition to lease or sell, I will give you $200 per year for five years, or will give you $25 per acre for the place, in yearly payments of $500 per year, at six per cent interest until paid. I would like to buy your farm, but would rather lease for a few years more; then can make larger payment down. * * *

"If either of these proposals meet with favor, you will please let me know; if not, please name your terms, and perhaps we can come together." August 23, 1891, plaintiff writes: "Your letter of 17th came to hand, in answer to my letter to sell or lease. * * * I will accept your offer to lease to you at $200 per year for three or five years, as you choose. * * * I will lease to you for three or five years, as you prefer, for $200 per year, in two payments, first, by September; second payment, first February each year." September 3, 1891, defendant writes: "Yours of the 17th August is at hand, and would say you can make out lease for place for five years, at $200 per year, to be paid in September and February of each year." November 6, 1891, plaintiff writes: "You have rented my place for five years, from March 1, 1892," and tells him to go ahead and attend to business, that it is all right, and also speaks of making certain improvements on the · house. February 7, 1892, plaintiff writes his attorney a letter in which he says, "About six months ago I promised to rent my farm for five years, for $200 per year, to the present renter," and says his wife was dissatisfied with the arrangement. It is said that this letter was ob-

jected to, but we do not find any record of that fact; but, however that may be, we think these letters show an explicit proposition to rent the land for three or five years, at defendant's election. The terms and conditions were specified, and the offer was accepted without conditions by defendant in his letter of date of September 3, 1891. In that letter, in addition to what has heretofore been set out is the following:

"Mr. Culton, the reason I ask for the place for five years is, I would like to put a small cookroom at the south side, so we could have some place to cook, wash, as it is very hard for my wife to only have one room. We have stood it quite awhile through hot weather. I would like to do this myself, if in the lease you will give me the privilege of taking the same away providing I do not buy." It is contended that these words attached a condition to the acceptance of the plaintiff's proposition, and never have been acceded to by plaintiff; that the contract of lease was, in fact never consummated. Now, it seems to us that all that is said about this cookroom, and the taking it away is a mere request, which plaintiff might comply with or not at his election. The acceptance was complete and absolute, and depended in no way upon the matter relating to this cookroom. No question arises in this case as to a withdrawal of the offer before acceptance, or as to the receipt of the letter accepting the offer within a reasonable time after the offer was made. Indeed, it appears that plaintiff himself treated the contract as consummated, as, two months after the defendant's letter accepting his proposition was written, he wrote defendant, stating that he (defendant) had rented the place for five years from March 1, 1892. As to what constitutes a contract under such circumstances, see *Moore v. Pierson*, 6 Iowa, 279, and *Farrier v. Storer*, 63 Iowa, 484, 19 N. W. Rep. 288. The judgment below must be REVERSED.