STERLING SHOES CORPORATION, Appellant, vs. PLANKINTON BUILDING PROPERTIES, INC., Respondent.

*March 6—April 1, 1930.*

For the appellant there were briefs by *Poss, Toelle & Schuler,* attorneys, and *Benjamin Poss* and *H. W. Schuler,* of counsel, all of Milwaukee, and oral argument by *Mr. Poss* and *Mr. Schuler.*

*Walter D. Corrigan, Sr.* of Milwaukee, for the respondent.

STEVENS, J. The telegrams and letter quoted above constitute a contract to extend the existing lease for an additional period of five years upon the terms contained in the lease with the two exceptions stated in this correspondence. That contract bound both parties to this action until such time as it should be modified or changed by mutual consent of the parties. The parties never agreed upon any modification of this contract.

The plaintiff did not forfeit its right to have this contract specifically performed when it attempted to secure its rights under the contract by negotiations and compromise in the hope that it might not be compelled to resort to the courts to secure an extension of the lease.

The difference between a request for a modification of an offer before and after acceptance of the offer must be kept in mind. "A request for a change or modification of a proposed contract, made before an acceptance thereof, amounts to a rejection of it. . . . A request, suggestion, or proposal of alteration or modification, made after unconditional acceptance, and not assented to by the opposite party, does not affect the contract put in force and effect by the acceptance." *Turner v. McCormick,* 56 W. Va. 161, 49 S. E. 28, 33. See, also, 1 Page, Contracts, p. 265, § 183; *Culton v. Gilchrist,* 92 Iowa, 718, 61 N. W. 384, 385.

The fact that both parties understood that a formal writing would be drawn embodying the terms of the new lease does not change the binding effect of the agreement evidenced by the telegrams and letter quoted in the statement of facts.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to decree specific performance.