CHI–MIL CORPORATION, Plaintiff,

v.

W. T. GRANT COMPANY, a corporation, and Forest City Enterprises, Inc., Defendants.

Civ. A. No. 75–C–507.

United States District Court, E. D. Wisconsin.

Nov. 8, 1976.

Victor M. Harding and George E. Garvey, Milwaukee, Wis., and Bernard M. Mamet, Chicago, Ill., for plaintiff.

Eugene C. Daly and Richard H. Porter, Milwaukee, Wis., for defendant W. T. Grant Co.

Robert J. Loots, Clay R. Williams, and John W. Hein, Milwaukee, Wis., for defendant Forest City Enterprises, Inc.

JOHN W. REYNOLDS, Chief Judge.

This is an action by a lessor against his lessee and his lessee's assignee. Jurisdiction exists under the diversity provisions of 28 U.S.C. § 1332.

After the pleadings were closed, the plaintiff Chi-Mil Corporation ("Chi-Mil") moved the Court for a partial judgment on the pleadings "relative to the continuing payment of rent." In a memorandum decision and order entered February 9, 1976, this Court granted Chi-Mil's motion as to the defendant Forest City Enterprises, Inc. ("Forest City"). The matter now before the Court is Forest City's motion for an amendment of that order and Chi-Mil's mo-

tion to vacate that portion of the order denying enforcement of its interim agreement with the defendants and a renewal of Chi-Mil's motion for its enforcement.

The facts of the case are set forth at length in the prior order and will be discussed here only to the extent necessary for a determination of the present motions.

Forest City contends that the Court's order of February 9, 1976, is in need of clarification or, in the alternative, that it should be amended. The need for clarification is premised on the conflicting interpretations the parties have given to the order. Forest City interprets the order to be a declaration that its defenses to payment of rent under the lease are without merit and that its withholding of rent places it in default, in which case the damage issue remains to be decided. Chi-Mil, on the other hand, maintains that the Court not only found Forest City in default but ordered immediate payment of rent.

In its decision and order, the Court said that "The only question relevant to the matter before the court is whether Forest City was justified in discontinuing rental payments as of October 1974." (p. 13) In other words, the Court addressed itself to the issue of whether Forest City breached the lease agreement. Upon consideration of the undisputed facts, the Court found that Forest City had breached the lease agreement and that Chi-Mil was entitled to judgment on the pleadings when it said, "For purposes of this decision, however, the Court can assume that Chi-Mil was the party in error, and yet nevertheless conclude that Forest City was unjustified in withholding rent." (p. 16) Having found Forest City in default, the Court ordered the remedy requested by Chi-Mil; that is, immediate payment of rent.

In its complaint, Chi-Mil requested that the Court direct the defendants to specifically perform those portions of the lease and lease agreement providing for the monthly payment of rent. In its motion for a partial judgment on the pleadings, Chi-Mil specifically requested judgment "relative to the continuing payment of rent." In

addition, Chi-Mil has communicated to the defendants and to the Court its fear that Forest City's withholding of rental payments will cause Chi-Mil to default on its loan obligation.

It is clear that Chi-Mil sought a judgment ordering immediate payment of rent by Forest City. It is equally clear that the Court so ordered, for the Court said: "These parties were each represented by able counsel, and the documents in question were drafted with skill. In such circumstances, the Court will not hesitate to enforce the clear and precise terms of the bargain." (pp. 16–17) The payment of monthly rentals is a clear and precise term of the bargain, and on February 9, 1976, the Court ordered Forest City to specifically perform that part of the bargain immediately.

The Court must now decide Forest City's alternative motion to amend the findings under Rule 52(b) or to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The Court is satisfied that it correctly decided the merits of Chi-Mil's motion for judgment on the pleadings and so denies Forest City's Rule 52(b) motion. However, upon further consideration, the Court has determined that in ordering specific performance of the rental obligations, the Court granted Chi-Mil an inappropriate remedy for Forest City's wrong.

The real issue before the Court is whether specific performance of the monthly rental provisions of a long-term commercial lease is the proper remedy for a tenant's breach of a lease agreement. Forest City contends that in the event of its default, Chi-Mil is limited to the remedies provided in section 17(a) of the lease or, in the alternative, that Wisconsin law precludes a remedy other than damages. Chi-Mil counters that section 17(a) provides additional, not exclusive, remedies, and that specific performance is a proper remedy under Wisconsin law. For purposes of this motion, the Court is not deciding if Chi-Mil is limited to the remedies set forth in section 17(a), but only that specific performance was an inappropriate alternative.

■ A court will order specific performance of the covenants in a lease, the violation of which is not adequately remediable by an action at law. 71 Am.Jur.2d, Specific Performance § 148, p. 194. Thus, specific performance of the rental provisions of the subject lease agreement was properly ordered if plaintiff had no adequate damage remedy for Forest City's breach. Wisconsin law indicates that damages are to be considered an adequate remedy when a tenant removes from the premises and defaults in his payments of rent. § 704.29, Wis.Stats. (1973). Forest City contends that this section is the codification of the Wisconsin Supreme Court's position that the landlord is under a duty to procure a new tenant in mitigation of damages upon a tenant's abandonment of, or failure to occupy, leasehold premises. *Selts Investment Co. v. Promoters of the Federated Nations of the World, Inc.*, 197 Wis. 471, 220 N.W. 220 (1928), 197 Wis. 476, 222 N.W. 812 (1929); *Ross v. Smigelski*, 42 Wis.2d 185, 166 N.W.2d 243 (1969). While this contention fails to squarely address the question of whether Wisconsin law prohibits the remedy of specific performance on these facts, the Committee Comments to § 704.29, Wis.Stats. Annotated (1974), do. The Comments provide in pertinent part:

"At common law in many states if a tenant abandons the premises, a landlord is under no obligation to mitigate his damages. He may leave the premises vacant and recover the entire rent as it accrues for the balance of the lease. * *

"The Wisconsin Supreme Court is one of the growing number of modern courts which have announced that the landlord has an obligation to rerent when the tenant breaches the lease; * * *."

■ Chi-Mil has, in effect, requested the Court to grant it the option of pursuing the common law remedy of leaving the premises vacant and recovering the rent for the balance of the lease as it accrues. The Court is not implying that Chi-Mil would be happy to have a vacant store as long as it could collect the rent, or that Chi-Mil would

not make a good faith effort to relet the premises. The Court is merely pointing out the fact that an award of specific performance of rental payments would preclude the parties from litigating the issue of mitigation of damages and would be ignoring the announced policy of the Wisconsin courts and legislature "that the landlord has an obligation to rerent when the tenant breaches the lease." (Committee Comment)

Although Chi-Mil indicates that the Wisconsin Supreme Court has granted specific performance, *Seaman v. Ascherman*, 57 Wis. 547, 15 N.W. 788 (1883); *Sterling Shoes Corporation v. Plankinton Bldg. Properties, Inc.*, 201 Wis. 374, 230 N.W. 140 (1930), neither case addresses itself to the facts before the Court. *In Seaman*, the Court ordered specific performance of an oral agreement to enter into a lease, while in *Sterling*, it ordered specific performance of an agreement to extend an existing lease. Not only can these cases be distinguished on their facts, but they were decided long before the effective date of § 704.-29, Wis.Stats.

As regards Chi-Mil's motion for enforcement of the interim agreement providing for the placement of a security guard by Forest City, the Court feels that any damage to the vacant premises can be adequately dealt with as part of the damage issue.

For the foregoing reasons,

IT IS ORDERED that the decision and order of February 9, 1976, be and it hereby is amended as follows:

1. By inserting at line 12, page 17, after "judgment on the pleadings," the words: "is granted on the issue of defendant Forest City Enterprises, Inc.'s liability for damage caused by its breach of the lease agreement."

2. By striking the last paragraph on page 17 before the date line, ordering dismissal of the plaintiff's motion for enforcement of interim agreements and replacing it with the following:

"IT IS FURTHER ORDERED that the motion for interim enforcement of the agreement providing for the placement of a security guard by Forest City Enterprises, Inc., on the subject premises is denied."