JELENIEWSKI, Appellant, vs. ECK and another, Respondents.

*November 16—December 13, 1921.*

*Fraud: Representations as to future event: Appeal: Amendment from tort to contract: Disposition of case.*

1. Statements or representations as to future or contingent events, or as to expectations or probabilities, or as to what will be or is intended to be done in the future, do not constitute actionable fraud.
2. Where plaintiff brought an action of tort because of the false representations of his lessor that a building would be ready for occupancy at a certain date, and after verdict in his favor the trial court directed judgment in favor of the landlord on the theory that the representations were expressions of opinion, the judgment will not be affirmed, but, the plaintiff having proved every element of a valid contract, the case will, under sec. 2836*b*, Stats., be remanded to permit him to amend his complaint so as to change the action to one on contract and for further proceedings in the same action.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

The appeal is from a judgment dismissing plaintiff's complaint and awarding judgment in favor of defendants notwithstanding the verdict.

The complaint alleged that defendants, in order to induce plaintiff to become their tenant in a store building, fraudulently represented that the building would be ready and fit

for occupancy on May 1, 1920; that defendants knew that the building had been condemned and would not then be fit for occupancy; that the representations were made for the purpose of deceiving plaintiff, and that he was in fact deceived by them; and that, relying on such representations, he disposed of his farm and personal property, entered into a lease, purchased suitable fixtures for conducting a pool-room in the store in question, and by reason of the building not being fit for occupancy was forced to move out and sell his fixtures at a great loss.

It is undisputed that the construction of the building was not in accordance with certain ordinances of the city of Kenosha and that by reason thereof the city would allow neither lights nor water to be connected. Plaintiff moved in about May 1, 1920, occupied and paid rental for three rooms as living quarters, but paid no rental for the store proper. He remained about two months, finally leaving because of the reasons above stated.

The testimony was undisputed that the defendants agreed to have the building ready by May 1, 1920. In a special verdict the jury found for the plaintiff on all the allegations in the complaint and fixed the amount of damages at $600.50. Plaintiff's motion for judgment on the verdict was denied and defendants' motion for judgment notwithstanding the verdict was granted.

For the appellant the cause was submitted on the brief of *Calvin Stewart* of Kenosha.

For the respondents there was a brief by *Cavanagh & Mittelstaed* of Kenosha, and oral argument by *G. A. Mittelstaed*.

JONES, J. Evidently with some reluctance the trial court entered judgment for defendants notwithstanding the verdict of the jury, acting on the theory that the representations relied on were mere expressions of opinion or intent to do something in the future, and not representations of an exist-

ing fact or a past event. As the trial court said in the opinion:

"There is no dispute that the general rule is that statements or representations as to future or contingent events or as to expectations or probabilities, or as to what will be or is intended to be done in the future, do not constitute actionable fraud." *Patterson v. Wright,* 64 Wis. 289, 25 N. W. 10; *Sheldon v. Davidson,* 85 Wis. 138, 55 N. W. 161; *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231; 12 Ruling Case Law (Fraud and Deceit) §§ 19–21. See note in 10 L. R. A. N. s. 640.

In their special verdict the jury found that defendants represented that the building would be ready for occupancy May 1, 1920; that the false representations were made as a statement of existing fact; that they were untrue and were recklessly made and with intent to deceive and to induce plaintiff to act upon them; that he did rely upon them and was induced to enter into a contract for the leasing of the building, and to purchase a stock of goods for his business and to sell his personal property on the farm; and that when the representations were made defendants did not intend to comply with the building ordinances so that an occupancy permit would be issued by May 1, 1920.

Although it is elementary that mere broken promises do not constitute actionable fraud, it is not so clear that an action for fraud may not be predicated upon a false statement of present intent, which is material, made with intent to deceive, and relied on by the other party. There is much authority for the view that a condition of mind is as much a fact as a condition of the body, although more difficult to prove; and that therefore a misstatement of a man's mind is a misstatement of fact. In the present case the promise was coupled by the proof with present intent to break it. The cases supporting the contention that such representations are actionable will be found collected in 12 Ruling Case Law (Fraud and Deceit) § 28. There is also authority for

the contrary view in 12 Ruling Case Law, p. 262, § 29, and the case of *Tufts v. Weinfeld,* 88 Wis. 647, 60 N. W. 992, tends to support the view of the trial court, although the subject was not discussed in the opinion of the court.

But we have come to the conclusion that the present case should be decided on another ground. Although the complaint sounded in tort and alleged the fraud of defendants, the undisputed testimony showed that defendants agreed to have the building ready for occupancy at a given date; that the plaintiff relied and acted on the agreement and carried out his part of the contract. There was every element essential to a valid contract. If the defendants acted fraudulently, as the jury found, that did not vitiate the contract as to the party damaged. The undisputed testimony showed, as the jury found, that plaintiff sustained damage in the sum of $600.50.

Under the old procedure there was a gulf between actions for fraud and those on contract which could not be bridged. Under that procedure if a plaintiff failed to prove the fraud alleged, although there might be clear proof of a contract, he would be turned out of court. He could curse the law's delays, pay the costs, and, if not discouraged, could frame new pleadings, sue on contract, rally his witnesses again, enter the court through another door, and, if all went well, recover judgment. We are very glad that under existing statutes we can shorten the plaintiff's road to justice, and but for the provisions of sec. 2836b, Stats., we should direct that judgment be entered for plaintiff pursuant to sec. 2405m, Stats. *Knudson v. George,* 157 Wis. 520, 147 N. W. 1003.

Although the record as it comes to us shows that the contract was made, the case was tried on the theory of fraud, and it may be claimed by defendants that they have the right to introduce further proof that they did not enter into any agreement to have the building ready for occupancy as alleged by the plaintiff. When the cause of action is changed

from tort to one on .contract, the statute, sec. 2836*b*, seems to require that the complaint be amended and for further proceedings in the same action. *Jilek v. Zahl,* 162 Wis. 157, 155 N. W. 909; *Cronin v. Janesville T. Co.* 163 Wis. 436, 158 N. W. 254.

Therefore the plaintiff should be required to amend the complaint and the parties should be allowed to give such further proof as may then be relevant.

*By the Court.*—Judgment reversed, and action remanded for further proceedings in accordance with this opinion.