SELTS INVESTMENT COMPANY, Respondent, vs. PROMOTERS
OF THE FEDERATED NATIONS OF THE WORLD, INC.,
and others, Appellants.

*May 10—June 18, 1928.*

For the appellants there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *F. J. Lenicheck*.

*Michael Levin* of Milwaukee, for the respondent.

DOERFLER, J. The rent became due and payable on the 1st day of September, 1925, but was not paid. On the 12th day of September the lessee, being still in default, was served with the usual statutory notice to quit, requiring it to either pay the rent due or to vacate the premises within three days from the time of the service of the notice upon it. A compliance with the notice to quit required the lessee to pursue one of two alternative courses, viz.: to pay the rent or to surrender up possession of the demised premises within the period of three days provided for in the notice. If within the three-day period the rent was paid, the right to continue in possession remained intact and in full force and effect, to the same extent as though the rent had been promptly paid when it fell due. If, however, for any reason the lessee deemed it advisable not to pay the rent as required

by the notice, then, in order to avoid unlawful detainer proceedings, it became incumbent upon it to surrender and deliver up the possession of the premises as it was required to do under the notice given in accordance with sec. 291.01 of the Statutes. Promptly and within the allotted period of time the lessee vacated the premises and surrendered the possession thereof to the plaintiff, and manifested such surrender by delivering the key to plaintiff's representative, who promptly accepted the same.

The sole question to be considered and determined in this case involves the right of the plaintiff to enforce collection of the rent due on the 1st of September. The remedy afforded by the unlawful detainer proceedings, where there is a failure to comply with the notice provided for by sec. 291.01 of the Statutes, is summary and effective. It prevents a tenant who has breached the covenants or conditions of his lease from imposing upon a landlord by retaining possession for an unreasonable length of time, and at the same time affords him an opportunity to comply with the lease by the payment of the rent due. The extension of this three-day period by the lessor is somewhat in the nature of the equitable power which a court exercises as a period of redemption in the foreclosure of land contracts.

It is argued on the part of counsel for the defendants that when a tenant complies with the notice by the surrender of the premises within the time provided by statute, he is relieved from all obligations for rent, both with respect to such as may accrue thereafter and that which may become due prior to the service of the notice. In taking this position we are of the opinion that defendants' counsel is in error. Under the provisions of the lease the rent became due on the 1st of September. Had the major portion of the rent been paid before the notice to quit was served, the tenant still would have remained subject to removal for nonpayment of rent; and it is also quite clear that if in pursuance

to the notice to quit the tenant had within the statutory period surrendered the premises, he would not be entitled to recover back the amount paid upon the month's rent. In the case assumed his payment would have been a mere *pro tanto* discharge of an obligation which was due. How, therefore, under the circumstances of this case, can it be logically claimed that the service of the notice and the surrender of the premises had the effect of releasing an obligation which was due and owing at the time the notice was served? The necessity for the service of the notice to quit was precipitated by the lessee's default. No claim is made herein of any failure to comply with the covenants and conditions of the lease on the part of the lessor. Real estate is leased by a lessor because it yields a fund out of which he is enabled to pay taxes, repairs, insurance, etc., and because it is contemplated that it will furnish a reasonable return in the form of income on his investment.

In the case following the instant case (*Selts Investment Co. v. Promoters of Federated Nations, post,* p. 476, 220 N. W. 222, 222 N. W. 812), this court holds that surrender pursuant to a notice to quit avoids all obligations with respect to future rent. This is so not because of the provisions of any express language employed in the pertinent statute, but because of the legal effect resulting from a surrender. When once the premises are surrendered under circumstances like those in the instant case, the relationship of landlord and tenant ceases, and there therefore exists no further basis which can form a consideration for future rents. But in this case we are not dealing with future rents but with past rents—rents that were due before any proceedings were taken under the unlawful detainer statutes. The express terms of the lease require monthly rental payments, and do not contemplate an apportionment of monthly rental. Therefore it is but reasonable to infer that where the tenant,

pursuant to a notice to quit, accepts the alternative by surrendering the premises, he manifests that the lease is burdensome to him and that he prefers a cancellation of the lease, with the corresponding relief following as to future rents; while had he exercised his privilege which the lessor under the statute extended to him, to pay the rent, the right to enforce future payments of rent as they accrued would have remained in full force and operation. It thus becomes evident that it was not contemplated by the legislature when it enacted the unlawful detainer statutes that an election on the part of the lessee to surrender would in any way affect his obligation to pay whatever rent had become due and which remained unpaid. This seems also to be supported by good authority.

In 36 Corp. Jur. p. 340, § 1149, it is said:

"*Rents accrued.* The surrender of a term does not effect the discharge of the tenant from rent which has already accrued and become payable, even though the rent was payable in advance for a period beyond the time of the surrender." See, also, Tiffany, Landl. & T. p. 1158, sec. 182.

Under the facts in this case, a compliance with the notice amounted to a surrender of the premises. See *Kneeland v. Schmidt,* 78 Wis. 345, 348, 47 N. W. 438; *West Concord M. Co. v. Hosmer,* 129 Wis. 8, 107 N. W. 12; 16 Ruling Case Law, title "Landlord and Tenant," p. 936, § 443.

The judgment of the circuit court is therefore affirmed.

*By the Court.*—It is so ordered.