SELTS INVESTMENT COMPANY, Respondent, vs. BAIREU-
THER and another, imp., Appellants.

*April 29—June 23, 1930.*

For the appellants Baireuther and Lentzen the cause was submitted on the brief of *Lenicheck, Boesel & Wickhem* of Milwaukee.

*Michael Levin* of Milwaukee, for the respondent.

STEVENS, J. (1) The appealing defendants seek by their answers to raise issues that were considered by this court and decided adversely to their contentions when this case was formerly before this court. As to these issues the law is correctly and definitely settled in *Selts Investment Co. v. Promoters of the Federated Nations,* 197 Wis. 476, 482–486, 220 N. W. 222, 222 N. W. 812. Under that decision the appealing defendants cannot be heard to contend that

they were released from liability for the rent when the tenant vacated the premises and the plaintiff took possession thereof. That decision modifies and limits what is said in the first *Selts Investment Co. Case,* reported in 197 Wis. 471, 474, 220 N. W. 220.

(2) The defendants who guaranteed the payment of the rent were properly joined as parties defendant, because they were personally liable upon the lease. Sec. 260.17 of the Statutes.

(3) The complaint alleges that the plaintiff made every effort to relet the premises for the purpose of minimizing the damage caused by the failure to pay the rent reserved. The answer of each of the appealing defendants contains the following allegation: "This defendant, further answering, says he (she) has not knowledge or information sufficient to form a belief as to the efforts made by the plaintiff to rent the premises." This is such a denial as would put the plaintiff to its proof. Sec. 263.13 of the Statutes.

Under sec. 263.17 of the Statutes the only ground upon which a demurrer may be interposed to the defensive portions of an answer is that "it does not state facts sufficient to constitute a defense." It is never the function of a denial to state facts that constitute a defense. The only purpose of a denial is to put in issue the allegations of the complaint.

"The Code permits a demurrer to an answer only when it contains new matter. A simple denial of the allegations of the complaint is not within the provision." *Lund v. Seamen's Bank,* 37 Barb. (N. Y.) 129, 131. See, also, *Smith v. Greenin,* 2 Sandf. (N. Y. Super. Ct.) 702; *Maretzek v. Cauldwell,* 19 Abb. Pr. (N. Y.) 35, 38; *Dean v. Atkinson,* 201 Iowa, 818, 208 N. W. 301, 303. The demurrer reaches only the statement of "new matter constituting a defense" which is pleaded in the answer. Sec. 263.13 of the Statutes.

If denials were to be construed as such new matter, "it is obvious that the pleader could always prevent a defense from being demurred to by incorporating denials in it. Suffice it to say that what the Code calls a 'defense' in pleading, and which we sometimes call an affirmative defense, can, by the express words of the Code, consist only of new matter constituting a defense, *i. e.* new matter which, assuming the complaint to be true, constitutes a defense to it; from which it is obvious that a denial or denials of the complaint can be no part of such defense." *Carter v. Eighth Ward Bank,* 33 Misc. Rep. 128, 67 N. Y. Supp. 300, 303.

To permit these appealing defendants to escape the effect of a pleading which is otherwise open to demurrer by simply introducing this denial in their answers would effectually take away the right given by the Code to test the legal sufficiency of the defensive matter pleaded. To give effect to both the letter and the spirit of the Code, it must be held that the demurrer to the answer does not reach the denials contained in such a pleading, and that, in testing the sufficiency of the defensive matter pleaded, the denials must be disregarded and the answer considered as if it contained no such denials. When the answers in this case are so tested, it is clear that they are subject to demurrer.

This court was in error in holding in *Patterson v. Cappon,* 125 Wis. 198, 204, 102 N. W. 1083, that a demurrer to an answer must be overruled when there is such a denial as that here in question. In so far as that case so holds, it must be overruled.

(4) The answer of the defendant Baireuther alleges that she is not liable to respond in damages because she was a married woman at the time that she signed the guaranty here in question. This guaranty was signed after the enactment of sec. 6.015 of the Statutes. Under that legislative

enactment the defendant Baireuther became liable as a guarantor for the amount due upon the lease, even though she were a mere accommodation guarantor, regardless of the question of whether any consideration moved to her or whether the lease related to her separate estate or separate business. *First Wis. Nat. Bank v. Jahn,* 179 Wis. 117, 120, 190 N. W. 822.

*By the Court.*—Orders affirmed.