MAHONNA, Appellant, vs. CHAIMSON and others, Respondents.

*February 7—March 6, 1934.*

*W. T. Doar* of New Richmond, for the appellant.

For the respondents there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth*.

ROSENBERRY, C. J. The facts in this case disclose two shrewd and rather unscrupulous dealers, each attempting to

take advantage of the other. While an unscrupulous person is entitled to the benefit of the law, his conduct must be considered and interpreted in the light of all of the surrounding circumstances in the case. The claim of the plaintiff is that in reliance upon a verbal promise by the terms of which the defendants were to lease the building and fixtures for $120 per month for one year, the lease to contain an option that the defendants might purchase during that time, the store building for $20,000 upon the terms therein specified, he reduced the price of his stock from $18,000 to $9,500. While a promissory misrepresentation as indicated in *Jeleniewski v. Eck,* 175 Wis. 497, 185 N. W. 540, may form the basis of an action for deceit (see 51 A. L. R. 46), it nevertheless must be one upon which the person claimed to be deceived had a right to rely. The jury found that the plaintiff ought not to have relied upon the promise to purchase the store building.

In disposing of the motions after verdict, the trial court said:

"The plaintiff, while illiterate in the sense that he can neither read nor write, is a business man of intelligence and experience, and his participation in this trial showed him to be alert, shrewd, resourceful, and cunning. It is well-nigh inconceivable, under the evidence in this case, how he could rely upon any representation of the defendants that they would purchase the building for $20,000, and surely, considering his intelligence and experience, he could not be justified in relying upon such an inherently incredible and preposterous representation."

The trial court further said:

"As to the representation that the defendants would rent the building for $100 per month and the fixtures for $20 per month, it is apparent, I think, from the evidence, that it would be absurd to conclude that the plaintiff was persuaded by such representation to reduce the price of his stock from $14,000 to $9,500."

In this conclusion of the trial court we concur. While the jury found that the defendants represented that they wished to rent the building and fixtures for $120 per month and that the plaintiff did and had a right to rely thereupon, the finding is not supported by credible evidence. All that the arrangement assured the plaintiff was the rental value of the premises for one year, which amounted to $1,440. The option as it was drawn up was not an agreement to purchase but a mere option to the defendants. The plaintiff claims that he reduced the price of the stock of merchandise from $18,000 as claimed by him or $14,000, the value found by the jury, to $9,500 in consideration of an agreement on the part of the defendants to enter into a lease which would at most net him $1,440, is, as the trial court said, absurd. While the claim of the plaintiff was and the jury found that the defendants in the beginning represented that they wished to purchase the building for $20,000, the plaintiff does not deny that at the close of the negotiations the arrangement was as stated.

The undisputed evidence shows that the defendants vacated and surrendered the possession of the store building within two months; that the plaintiff thereupon re-entered the building and has since occupied it and conducted a business therein. The abandonment of the premises and the unqualified re-entry by the landlord amounted to a surrender and the defendants were no longer liable under their oral contract for the payment of rent. *Weinsklar Realty Co. v. Dooley,* 200 Wis. 412, 228 N. W. 515; *Kneeland v. Schmidt,* 78 Wis. 345, 47 N. W. 438.

While a landlord may re-enter the premises abandoned by his tenant for the purpose of reletting to minimize the damage, he must, if he re-enter, make his intention clear at the time of re-entry. Ordinarily the question of intention is for the trier of fact. However, there is no evidence

in this case which indicates that the plaintiff re-entered for the purpose of reletting in order to minimize the damages. See 3 A. L. R. 1080, 52 A. L. R. 154, and cases cited; also *Selts Inv. Co. v. Promoters of F. N. of W.* 197 Wis. 471 *et seq.,* 220 N. W. 220. The trial court therefore correctly awarded judgment on account of the rent for one month during which the defendants occupied the premises.

Upon motion to review, the defendants assign as error the ruling of the trial court that the pleading should be deemed to be amended in accordance with the evidence and recovery on contract awarded for one month's rent with interest and costs. The action of the trial court is affirmed so far as it awards a recovery for one month's rent. Costs and disbursements were taxed and allowed at $366.20 as in tort. The action having been brought in deceit, the recovery being upon contract, the plaintiff was not entitled to tax costs as if the action were a tort action. The recovery determines the nature of the action where amendments are allowed as under our procedure. The statute (sec. 271.04) limits costs exclusive of disbursements to $15 in contract actions where the recovery is less than $200. It would be a rank injustice if one could commence a tort action and by way of amendment recover a small sum on contract and then tax costs as if the recovery had been in tort. We are unable to allocate costs properly allowable as respects the contract. The judgment will therefore be reversed for the purpose of permitting the trial court to retax the costs as indicated.

*By the Court.*—Upon the plaintiff's appeal the judgment is affirmed; upon the defendants' motion to review the judgment is reversed and cause remanded for further proceedings.