RICHTER, Respondent, vs. FASSETT, Appellant.

*May 27—July 1, 1948.*

For the appellant there was a brief by *Davis & Davis* of Hayward, and oral argument by *V. P. Davis*.

*Ralph W. Steller* of Hayward, for the respondent.

WICKHEM, J.   On July 15, 1947, plaintiff leased a cabin to defendant for one year.   The lease was oral and the rent reserved was $37 per month.   Defendant paid two months' rent and occupied the premises until September 15th when he left the cabin and thereafter ceased to pay rent.   Plaintiff sued for damages for breach of the oral lease.

Defendant contends that almost immediately after defendant had left the premises plaintiff and her husband took possession and have either rented them to others or have occupied them ever since.   Defendant invokes the rule that the abandonment of the premises and the unqualified re-entry by the landlord amounted to a surrender and that defendant was no longer liable for the payment of rent under his oral lease.   *Mahonna v. Chaimson,* 214 Wis. 396, 253 N. W. 391.   The facts in relation to this contention are largely established by the evidence of plaintiff herself.   Shortly after September 15th she rented the cabin to men working on the highway.   From about the 23d of October plaintiff and her husband stayed at the cabin week ends and still do.   During that period plaintiff's husband lived continuously at the cabin but plaintiff had a position requiring her absence during the week.   Plaintiff admitted that,

since defendant left, the cabin has been occupied virtually continuously although not always by tenants.

Under these facts we are of the view that having taken possession in an unqualified manner and not for the limited purpose of mitigating damages by reletting the premises plaintiff terminated her right to any rent following September 15th and that her complaint should have been dismissed.

It is true that this court in *Weinsklar Realty Co. v. Dooley,* 200 Wis. 412, 415, 228 N. W. 515, followed by *Elmore Realty Co. v. Community Theatres,* 208 Wis. 76, 241 N. W. 632, held that the taking of possession by a landlord for the purpose of leasing is an equivocal act and that the right of the landlord to elect the course he will pursue remains with him until he takes some step which evidences an intent to make a choice between the two inconsistent remedies that are open to him. "Such a choice was made in this case when the plaintiff began this action. That act clearly evidenced an election on the part of the landlord to hold the tenant liable on the covenants of the lease and established the fact that the landlord took possession for the purpose of reletting the premises in order to mitigate the damages which he sustained through the tenants' breach of the lease."

While in this case plaintiff stated when informed of defendant's intention to abandon the premises that she would sue him and while she did sue him within two days of his breach, we are satisfied that the doctrine of these cases does not apply to the facts of this case. It makes very little difference under the facts whether this be treated as a matter of surrender or of the complete mitigation of the damages. There is no showing that when plaintiff did re-enter for the purpose of subletting she was not fully compensated during the short period following defendant's breach by the rent received. During the balance of the year the premises were either occupied by her or leased to others and we discover nothing upon which a finding of damages could rest.

The cases on qualified re-entry by the landlord are those in which he has entered for the purpose of reletting on behalf of the defaulting tenant and for the purpose of mitigating damages and where he has been wholly or partly unsuccessful in reletting the premises. Here if there has been a proper notice and if the above intent is established the tenant will not be permitted to claim a surrender and will be liable for the period of the lease during which the premises remained idle.

Where the landlord, however, moves in and occupies the premises for his own benefit he accepts the surrender and in any case he has had the full use of the premises and is hardly in a position to claim that he has lost the value of their use and occupation.

Only one matter remains to be noticed in connection with the trial of the case. Evidence was admitted without objection that had the oral lease not been entered into plaintiff could have rented the premises for $45 a week during the two months of defendant's occupancy. It hardly needs to be said that the jury was not entitled to consider this evidence in awarding damages. Plaintiff's loss, if any, was the difference between what she received from defendant prior to his default and what she would have received had defendant held the premises and paid rent for one year, minus, of course, any sums received by plaintiff upon a reletting to mitigate damages.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

MARTIN, J., took no part.