TAYLOR FEDERATION OF TEACHERS v BOARD OF EDUCATION

FOR THE

TAYLOR SCHOOL DISTRICT

1. INSURANCE—DISABILITY INSURANCE—TEACHER'S GROUP COVERAGE—BENEFITS—SUMMER VACATIONS.

A teacher with a disability who is covered by a group disability insurance policy is entitled to benefits during the summer vacation months, up to the time limits of the policy, where the teacher meets the unequivocal insurance contract requirements that (1) the teacher be continuously under treatment by a physician or surgeon, and (2) the teacher not engage in any work for remuneration or profit.

2. CIVIL RIGHTS—SEX DISCRIMINATION—INSURANCE—GROUP DISABILITY INSURANCE—PREGNANCY RELATED DISABILITY—STATUTES.

A group disability insurance policy which excludes pregnancy related disability is void for public policy reasons; the only reasonable meaning which can be taken from the language of that portion of the Federal Civil Rights Act which prohibits discrimination based on sex is a flat and absolute ban on sex discrimination in all conditions of employment.

Appeal from Wayne, Thomas Roumell, J. Submitted June 7, 1976, at Detroit. (Docket No. 23486.) Decided November 22, 1976. Leave to appeal applied for.

Complaint by the Taylor Federation of Teachers against the Board of Education for the Taylor School District for the enforcement of certain disability provisions in a group health insurance policy issued to plaintiffs by the Great-West Life Assurance Company. The defendant board filed a

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Schools §§ 98, 145.
[2] 44 Am Jur 2d, Insurance § 1868 *et seq.*

third party complaint against the insurer. Partial summary judgment for plaintiff. Defendant Board of Education appeals. Affirmed.

*Fieger, Golden & Cousens,* for plaintiff.

*Debiasi & Carrier, P. C.,* for defendant Taylor Board of Education.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

W. VAN VALKENBURG, J. We are asked to decide two issues relative to an insurance contract issued by Great-West Life, insuring against disability loss for school teachers employed by defendant Taylor School District. First, is a teacher an employee for purposes of disability benefits during the summer when not receiving wages but still under contract? Second, whether a clause in a bargained-for disability insurance contract barring recovery for pregnancy related disability is void on public policy grounds.

Plaintiff is the bargaining agent for the teaching employees of the defendant school district. Its complaint sought to enforce certain claims for disability benefits which accrued to its members under the terms of the current collective bargaining agreement and disability insurance contract then in effect.

The collective bargaining agreement obligated defendant to insure against wage loss due to disability. The policy provides a weekly indemnity payment of $50 for the first three months of disability, $90 per week for the next nine months and $25 per week for the second year of disability.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The union sought disability benefits for teachers who continued to be disabled during summer vacation; the defendant school board balked, contending that since the teachers were paid on a ten month salary plan they suffered no wage loss.

Count II of the complaint also alleged that Bonnie Mathewson did not receive disability benefits on two occasions; first, due to a tubular pregnancy, second due to a burst uterus. Both, it is conceded, are pregnancy related.

After motion and argument, the trial court granted plaintiff's motion for partial summary judgment on grounds that there was no issue of fact. GCR 1973, 117.2(3).

There is no ambiguity to the insurance contract. It provides, in pertinent part:

"If accidental bodily injury or sickness wholly and continuously disables an employee while he is insured for this Benefit Provision PA1 and prevents him from performing his regular work, he shall be entitled to the Amount of Weekly Indemnity shown in the Table of Benefits for the Insurance Class in which he is insured, provided the disability is not due in whole or in part to pregnancy."

Teachers were employees of the school district during the term of the collective bargaining agreement. That agreement ran from September 1, 1970, through August 31, 1972. The insurance contract defines "employee", "regular work" and other terms necessary to construe the contract. However, nowhere does the contract say that once benefits have begun, as they had in all the claims before us, that the benefits cease when summer vacation begins. Indeed the policy is clear and unequivocal in that regard:

"Weekly Indemnity Benefits shall continue during the period of disability but only so long as (a) the employee is continuously under treatment by a physician or surgeon, and (b) he does not engage in any work for remuneration or profit and not longer in any event than the Maximum Period shown in the Table of Benefits."

We hold that under the terms of the collective bargaining agreement and the insurance policy then in force the teachers entitled to disability protection remain employees entitled to continued benefits during the summer so long as they are not "engaging in any work for remuneration or profit".

The argument is that the teachers must be "actively employed". We disagree. It is simply not applicable in this situation. As long as the employee (a) is continuously under treatment by a physician or surgeon and (b) does not engage in work for remuneration or profit, then the insurer is obligated by the unequivocal terms of the contract to pay benefits due.

Is the policy provision which excludes pregnancy related disability void for public policy reasons? We conclude, as did the trial court, that it is.

At issue here is the intended scope of the 1964 Civil Rights Act's prohibition against discrimination based on sex. 42 USC 2000e, *et seq.* Parenthetically, we note that the issue is now, as we write, before the United States Supreme Court. *Wetzel v Liberty Mutual Insurance Co,* 511 F2d 199 (CA 3, 1975), *appeal dismissed on other grounds,* 424 US 737; 96 S Ct 1202; 47 L Ed 2d 435 (1976), *Gilbert v General Electric Co,* 519 F2d 661 (CA 3, 1975), *cert granted,* 423 US 822; 96 S Ct 36; 46 L Ed 2d 39 (1975) (argued January 19–20, 1976, reargued in October 1976).

That these issues involve pressing social policy precedent is obvious to all. In spite of the variety of dispositions pro and con, we find the better reasoned law on the plaintiff's side.[1]

The defendant urges that a reading of *Geduldig v Aiello,* 417 US 484; 94 S Ct 2485; 41 L Ed 2d 256 (1974), mandates reversal. There, the State of California's employee-funded disability insurance program which paid benefits to persons in private employment who were temporarily unable to work because of disability not covered by workmen's compensation was challenged as being violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution. A majority of the Supreme Court held that the exclusion of coverage for disability that accompanies normal pregnancy and childbirth does not amount

---

[1] An examination of recent cases indicates that other courts have gone both ways in reading *Aiello* and applying 42 USC 2000e.

*Brooklyn Union Gas Co v New York State Human Rights Appeal Board,* 50 App Div 2d 381; 378 NYS 720 (1975), no duty for a private employer to provide the same sick-leave benefits for pregnancy-related disabilities as was granted. for other temporary disabilities. Applying New York Executive Law (Human Rights Law), art 15, § 296.

*Newmon v Delta Airlines, Inc,* 374 F Supp 238 (ND Ga 1973), *aff'd* 475 F2d 768 (CA 5, 1973), striking down defendant's requirement that female ground personnel take mandatory unpaid maternity leave at the end of fifth month of pregnancy, but holding that EEOC guidelines, 29 CFR 1604.10(b), regarding pregnancy disability pay did not mandate that the defendant-employer pay for pregnancy related disability.

*Hutchinson v Lake Oswego School District,* 374 F Supp 1056 (DC Oregon, 1974), holding that the school district violated plaintiff's civil rights by refusing to allow plaintiff to apply cumulative sick leave to childbirth related disability.

*Zichy v Philadelphia,* 392 F Supp 338 (ED Pa, 1975), held that the defendant's refusal to permit women to take sick leave during maternity absence unlawfully discriminated against this plaintiff and others in violation of the Civil Rights Act.

*Satty v Nashville Gas Co, 522 F2d 850 (CA 6, 1975), held that employers pregnancy exclusion from sick leave program constitutes sex discrimination under the Equal Opportunity Act, 42 USC 2000e et seq.*

to an invidious discrimination under the equal protection clause of the Fourteenth Amendment.

But the challenge here is not the same as the *Aiello* case. *Aiello* involved a constitutional attack, based on equal protection grounds, against a legislatively created social welfare program for private employees which differentiated between pregnancy and other disabilities. In essence, the Court held simply that legislation incorporating a pregnancy-childbirth disability classification apart from other disabilities was "rationally supportable". This, the Court concluded, was all that California need do to sustain its legislation against an equal protection assault. Finally, *Aiello* emphatically didn't say that the distinction in disability benefit rights based on pregnancy was not discriminatory. The clear implication is that the Court found discrimination, but that the discrimination was not "invidious".

Therefore, what is really before us, as it is now before the Supreme Court in *Gilbert, supra,* is not whether the exclusion of pregnancy benefits under a social welfare program is "rationally supportable" or "invidious" but whether 42 USCS 2000e-2 in its language prohibits the exclusion.

The test in the constitutional challenge is merely legislative reasonableness. The statute authorizes no such test. The only reasonable meaning which can be taken from the words of the statute is a flat and absolute ban on sex discrimination in all conditions of employment.[2]

We hold that the policy of the statutory man-

---

[2] "2000e-2. Unlawful employment practices—Employer practices

"(a) It shall be an unlawful employment practice for an employer—

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin; or

"(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any

date, as suggested by the Equal Employment Opportunity Commission guidelines,[3] is that any identifiable sex-based discrimination not within the narrow exception of the statute is prohibited.

Those portions of the bargaining agreement and insurance contract which provide disparate treatment of pregnancy related disability are void as a matter of public policy. See *State Farm Mutual Automobile Insurance Co v Shelly,* 394 Mich 448; 231 NW 641 (1975).

Affirmed.

---

individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

[3] 29 CFR § 1604.10(b) provides:

"(b) Disabilities caused or contributed to by pregnancy, miscarriage, abortion, childbirth, and recovery therefrom are, for all job-related purposes temporary disabilities and should be treated as such under any health or temporary disability insurance or sick leave plan available in connection with employment. Written and unwritten employment policies and practices involving matters such as the commencement and duration of leave, the availability of extensions, the accrual of seniority and other benefits and privileges, reinstatement, and payment under any health or temporary disability insurance or sick leave plan, formal or informal, shall be applied to disability due to pregnancy or childbirth on the same terms and conditions as they are applied to other temporary disabilities."