TAYLOR FEDERATION OF TEACHERS v BOARD OF EDUCATION
FOR THE TAYLOR SCHOOL DISTRICT (ON REMAND)

CIVIL RIGHTS—SEX DISCRIMINATION—INSURANCE—GROUP DISABILITY—
PREGNANCY—PUBLIC POLICY.

  A group disability insurance policy which excludes pregnancy
  related disability is *not* void under Federal law for public policy
  reasons.

Appeal from Wayne, Thomas Roumell, J. Submitted June 3, 1976, at Detroit. (Docket No. 77-1998.) Decided July 7, 1977.

Complaint by the Taylor Federation of Teachers against the Board of Education for the Taylor School District for the enforcement of certain disability provisions in a group health insurance policy issued to plaintiffs by the Great-West Life Assurance Company. The defendant board filed a third-party complaint against the insurer. Partial summary judgment for plaintiff. Defendant board of education appealed. Affirmed. In lieu of leave to appeal the Michigan Supreme Court remanded to the Court of Appeals for reconsideration in the light of a Federal decision, 400 Mich 803 (1977). Affirmed in part, reversed in part and remanded.

*Fieger, Golden & Cousens,* for plaintiff.

*Debiasi & Carrier, P. C.,* for defendant Taylor Board of Education.

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Civil Rights § 156.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

## On Remand

Per Curiam. Pursuant to an order of the Michigan Supreme Court, the original decision in this case, reported at 72 Mich App 304; 249 NW2d 399 (1976), *lv granted,* 400 Mich 803 (1977), has been vacated and the case has been remanded to us for reconsideration in light of *Gilbert v General Electric Co,* 429 US 125; 97 S Ct 401; 50 L Ed 2d 343 (1976). GCR 1963, 853.2(4).

The facts are related within the original opinion. We hereby incorporate by reference into this opinion that portion of the original opinion along with the discussion and holding relating to the first issue. 72 Mich App at 305–307.

We must now reconsider the second issue raised, that is, whether a clause in a bargained for disability insurance contract barring recovery for pregnancy related disability is void. We have been ordered by our Supreme Court to reconsider this issue in light of *Gilbert.* The instant case has been argued and briefed on the basis of Federal law. Plaintiff's authorities and support are totally Federal law. We accordingly limit our decision to an application of Federal law and find that *Gilbert* mandates a reversal of our original opinion as to the second issue. We make no comment as to whether the State of Michigan prohibits pregnancy related disability exemptions in bargained contracts. That decision is reserved for another case in which the arguments are presented.

The circuit court is affirmed in part and re-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

versed in part. This case is remanded for proceed-
ings consistent with this opinion. No costs, a public
question being involved.

W. VAN VALKENBURG, J., not participating.